# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

KING v. LYNN, PENITENTIARY SUPERINTENDENT.

NOVEMBER 23d, 1893.

CONSTITUTION—*Habeas corpus—Case at bar.*—K. was received in the peniten-
tiary October 16, 1885, from the city of Richmond, and again February
14, 1891, from New Kent county. He was taken February 5, 1892, be-
fore the circuit court of said city and arraigned and identified as the
same person who had been twice convicted, and was sentenced to five
years additional confinement. These proceedings were under Code,
§§ 4179, 4180, 4182, and 4183. On his petition for a writ of *habeas
corpus,*
HELD:
> Those sections are constitutional and valid, and the proceedings under
> them were regular, and the writ is denied.

*R. Carter Scott* and *W. R. Booker*, for petitioner.

*Attorney-General R. Taylor Scott*, for respondent.

HINTON, J., delivered the opinion of the court.

Section 4179 of the Code of 1887 makes the circuit court of
the city of Richmond the court for the trial of all criminal
proceedings against convicts in the penitentiary.

Section 4180 provides that "when a person convicted of an
offence, and sentenced to confinement in the penitentiary, is
received therein, if he was before sentenced to a like punish-
ment, and the record of his conviction does not show that he
has been sentenced under sections 3905 or 3906, the superin-

tendent of the penitentiary shall give information thereof, without delay, to the said circuit court of the city of Richmond, whether it be alleged or not in the indictment on which he was so convicted, that he had been before sentenced to a like punishment."

Section 4181 provides that "the said court shall cause the convict to be brought before it, and upon an information filed, setting forth the several records of convictions, *and alleging the identity of the prisoner with the person named in each,* shall require the convict to say whether he is the same person or not."

Section 4182 provides that "if he says he is not or remain silent, his plea or the fact of his silence shall be entered of record, and a jury of bystanders shall be impannelled to inquire whether the convict is the same person mentioned in the several records."

Section 4183 provides that "if the jury find that he is not the same person, or if he acknowledge in open court, after being duly cautioned, that he is the same person, the court shall sentence him to such further confinement as is prescribed by chapter 190, on a second or third conviction, as the case may be."

In pursuance of these provisions of the Code, the convict, Scott King *alias* John Walker, was brought, on the 5th day of February, 1892, before the circuit court of Richmond, and there tried upon an information framed in accordance with the statute, adjudged identical with John Walker, and sentenced to five years additional confinement in the penitentiary, to commence from the expiration of his then term of confinement therein.

Thereupon he was brought before this court by the writ of *habeas corpus*, alleging that he is illegally imprisoned and praying to be discharged therefrom.

And the judgment of the circuit court has been assailed upon various grounds, which have been urged with earnestness and ability by the counsel for the prisoner, all of which

are bottomed upon the assumption that the prisoner stands in the position of a person charged with a crime in the first instance, who is presumed to be innocent until he is proved to be guilty, for whose protection the law has provided certain safeguards and formalities, which must be absolutely observed on the trial or the trial will be vitiated. But manifestly this case has no analogy to that, and therefore we shall not examine them.

Here it cannot be denied that there had been two trials and two convictions in due course of procedure and in accordance with the forms of law, the only question is whether the prisoner is the person who was convicted in each case. It is, therefore, a mere question of identification, and it cannot be doubted that the course prescribed by the act of assembly to judicially ascertain this fact, is all that could be expected or required.

By the information he is notified of the records of the several convictions alleged against him, and is charged with being the person convicted in each case; he is allowed to answer and of course to offer any evidence he may have to disprove the fact; and the fact is tried by a jury. This seems to us all that is required by justice or the circumstances of the case.

The case of *Tuttle* v. *Com.*, 2 Gray, 505, is not in point. In that case the effort was made, under an indictment containing seven counts, each charging the sale of one gill of intoxicating liquor without license, and without alleging any previous conviction of the same offence, or even a finding of that fact by the jury to sentence the prisoner to an increased penalty. This the supreme court of Massachusetts held could not be done. Manifestly what was said in that case can have no application to this.

Upon a careful examination of the case, we think that the provisions of the Code which have been set out in this opinion are constitutional and valid, and that the prayer of the petitioner must be denied.

WRIT DENIED.