# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## George O. Keeney v. Commonwealth.

March 17, 1927.

1. Intoxicating Liquors—*Demurrer to Indictment—Statement of Grounds of Demurrer—Rule 22 of the Supreme Court of Appeals—Case at Bar.*— In the instant case, a prosecution for violation of the prohibition act, the overruling of the demurrer to the indictment was assigned as error. The grounds of demurrer and motion to quash were not stated, and did not affirmatively appear from the record to have been stated. Rule 22 of the Supreme Court of Appeals requires that objections to all matters requiring a ruling or judgment of the trial court shall state with reasonable certainty the ground of such objection. In the instant case there was a general demurrer and a motion to quash the indictment and each count thereof, without, so far as the record shows, assigning any reason for either motion. The objections to the indictment assigned on appeal, if made in the trial court at the time the demurrer was interposed, could all have been met by amendment to the indictment pursuant to sections 4876 and 4877 of the Code of 1919, without making any change in the character of the offense charged.

   *Held:* That the Supreme Court of Appeals could not consider the assignment of error to the action of the court in overruling the demurrer to the indictment.

2. Intoxicating Liquors—*Indictment—Amendment—Objection that the Indictment did not Set out Time of Former Conviction.*—On appeal from a conviction for violation of the prohibition act, an objection to the indictment, interposed for the first time on appeal, that it failed to set out the time of a former conviction, if it had been made in the trial court at the time of the demurrer to the indictment, could have been met by amendment to the indictment pursuant to sections 4876 and 4877 of the Code of 1919, without making any change in the character of the offense charged.

3. Intoxicating Liquors—*Indictment—Amendment—Objection that the Facts Stated in the Indictment Might be True and yet the Accused Might not be Guilty of the Charge of a Second Offense.*—On appeal from a conviction for violation of the prohibition act, an objection to the indictment, interposed for the first time on appeal, that the facts

charged might be true and yet the accused might not be guilty of the charge of a second offense, under the statute, if it had been made in the trial court at the time of the demurrer to the indictment, could have been met by amendment to the indictment pursuant to sections 4876 and 4877 of the Code of 1919, without making any change in the character of the offense charged.

4. INTOXICATING LIQUORS—*Indictment—Amendment—Failure to Allege the Essentials of a Felony.*—On appeal from a conviction for violation of the prohibition act, an objection to the indictment, interposed for the first time on appeal, that no count undertook to aver the essentials of a felony, if it had been made in the trial court at the time of the demurrer to the indictment, could have been met by amendment to the indictment pursuant to sections 4876 and 4877 of the Code of 1919, without making any change in the character of the offense charged.

5. INTOXICATING LIQUORS—*Indictment—Prior Conviction—Object of Allegation of Prior Conviction—Demurrer.*—The object of the allegation of prior conviction is to put the accused on notice that record proof of a prior conviction will be introduced, which, if it meets the requirement of the law, that is, proves a prior conviction, will increase the penalty. Insufficiency of the notice, of course, may be taken advantage of by demurrer, if the ground of alleged insufficiency is pointed out to the trial court.

6. INTOXICATING LIQUORS—*Prior Offense—Failure to Show that Offense was Committed after Conviction of Former Offense—Allegation of Prior Conviction no Part of Offense Charged.*—If the proof fails to show that the offense for which the accused is being tried is in fact an offense committed after conviction of a former offense, under the statute, the proof should be excluded and the trial should proceed as if no prior conviction had been alleged. That is to say, the allegation of a prior conviction, under the prohibition statute, is no part of the offense charged, but it is the averment of a fact which, if proven, increases the penalty.

7. INTOXICATING LIQUORS—*Indictment—Prior Offense—Record of Prior Offense must Show Essentials of Prior Conviction—Effect of Allegation of Prior Offense.*—An allegation of a prior conviction gives the accused notice, and that is all it purports to do, that a *record* (not the testimony of witnesses) of a former conviction will be introduced against him at the trial. The record introduced must show on its face every essential thing essential to the definition of a prior conviction.

8. INTOXICATING LIQUORS—*Indictment—Former Conviction—Accused not Prejudiced by Failure to more Specifically Charge Prior Conviction—Case at Bar.*—In the instant case, a prosecution for violation of the prohibition act, the accused was not prejudiced by the failure of the indictment to more specifically charge a prior conviction. He knew

· fully as much as he would have known if the indictment under which he was formerly convicted had been copied into the indictment under review.

9.   RULES OF COURT—*Rule 22—Grounds of Objection.*—The Supreme Court of Appeals is not disposed to relax rule 22 of the Rules of Court, requiring that objections to all matters requiring a ruling or judg- · ment of the trial court shall state with reasonable certainty the ground of objection.

10.   INTOXICATING LIQUORS—*Indictment—Allegation of Prior Conviction— Counts.*—Although the allegation of a prior conviction should properly have been embodied in the first count of an indictment for violation of the prohibition act, yet the rights of the accused were not prejudiced by the irregularity of alleging it in the second count.

11.   INTOXICATING LIQUORS—*Subsequent Offense—Felony—Drinking, Giving Away or Receiving Ardent Spirits.*—Under section 4675 (5) of the Code of 1924, *every* subsequent offense is a felony unless the subsequent offense is the offense of drinking, giving away or receiving ardent spirits contrary to the provisions of the prohibition act, or unless the subsequent offense is that of purchasing or having in possession ardent spirits for *personal* use, or unless the prior conviction was for any one of the offenses just enumerated.

12. · INTOXICATING LIQUORS—*Indictment—Whether an Indictment Charges a Felony or a Misdemeanor—Case at Bar.*—In the instant case, a prosecution for violation of the prohibition act, the indictment was drawn under section 4675 (43) of the Code of 1924, charging that accused did unlawfully sell, keep and give away ardent spirits, and the second paragraph or count of the indictment was added as provided by section 4675 (5) charging that accused had been convicted of unlawfully keeping, storing and exposing ardent spirits for sale.

   *Held:*   That in the absence of the requirement of a bill of particulars, it was possible for the accused, under this indictment, to be found guilty of a felony or of a misdemeanor, according to the proof.

13.   INTOXICATING LIQUORS—*Prior Conviction—Misdemeanor or Felony.*— A prior conviction upon a plea of guilty of the illegal possession of ardent spirits, in combination with a second conviction of any other misdemeanor under the prohibition act, does not constitute a felony under section 4675 (5) of the Code of 1924.

14.   INTOXICATING LIQUORS—*Indictment—Amendment—Misdemeanor or Felony.*—Where, under an indictment charging both a misdemeanor and a felony, it was clear that the proof only supported a charge of misdemeanor, aggravated by the fact of a prior conviction, it is true, but a misdemeanor nevertheless, the court should then and there have amended that part of the indictment alleging prior conviction to conform to the proof, pursuant to section 4876 of the Code, and proceeded with the trial upon the amended indictment as if it had charged a misdemeanor only, in the beginning.

15. INTOXICATING LIQUORS—*Indictment—Indictment Charging Misdemeanor and Felony—Proof Showing Misdemeanor—Instruction that Jury Could Find Accused Guilty of a Felony.*—Where an indictment in a prosecution for violation of the prohibition act charged both a misdemeanor and a felony, but the proof sustained the charge of a misdemeanor only, although an aggrevated misdemeanor because of the former conviction of the illegal possession of ardent spirits, an instruction that the jury could find the accused guilty of a felony and limiting the jury to a minimum punishment of a fine and imprisonment in jail for twelve months, was reversible error.

16. INTOXICATING LIQUORS—*Former Conviction—Indictment not Showing the Time of the Alleged Commission of the Prior Offense—Rejection of Evidence of Former Conviction—Case at Bar.*—In a prosecution for violation of the prohibition act, the court committed no error in refusing to reject the record evidence of a prior conviction upon the ground that the indictment did not show the time of the alleged commission of the prior offense, the same ground alleged in the appellate court upon the demurrer, but which ground was not stated in the trial court. If the reason assigned for rejecting the evidence of the former conviction had been assigned at the time of the demurrer, the indictment could have been amended. Accused having neglected to call for a bill of particulars as to the main charges and elected to remain silent as to the grounds of demurrer, when the situation could have been clarified by amendment, the accused could not at a later stage complain of the introduction of evidence which clearly showed a prior conviction and the time thereof.

17. RULES OF COURT—*Rule 22.*—Rule 22 of the Supreme Court of Appeals, providing that objections to all matters requiring a ruling or judgment of the trial court shall state with reasonable certainty the ground of such objection, was adopted for the purpose of preventing the setting of traps for trial courts.

18. INTOXICATING LIQUORS—*Witnesses—Impeachment—Evidence that Witness said He had Bought Whiskey from Accused where Witness Denied such Statement—Case at Bar.*—In a prosecution for a violation of the prohibition act, it was error to permit the introduction of evidence that a witness, who denied that he had made the statement, had stated he had bought whiskey from the accused when the sale of the liquor in question was not the subject matter of the charge in the indictment, even though the court instructed the jury that the only object of the testimony was to impeach the witness who had denied the purchase. The matter upon which it was sought to impeach the witness was, so far as this case is concerned, collateral to the issue, and the attorney for the Commonwealth was bound by the answer of the witness.

Error to a judgment of the Circuit Court of Prince William county.

*Reversed and remanded.*

The opinion states the case.

*Robert A. Hutchison* and *T. E. Didlake*, for the plaintiff in error.

*John R. Saunders, Attorney-General, Leon M. Bazile* and *Lewis H. Machen, Assistant Attorneys General*, for the Commonwealth.

CHICHESTER, J., delivered the opinion of the court.

George O. Keeney, hereafter referred to as the accused, was convicted of a violation of the prohibition law in the Circuit Court of Prince William county, at its June term 1926, and upon the verdict of the jury fixing his punishment at confinement in the county jail for one year and a fine of $250.00 the court entered judgment.

A writ of error duly awarded the accused brings before this court for review the following assignments of error:

1. The refusal of the court to grant a motion for a continuance.

2. The action of the court in overruling the demurrer to the indictment.

3. The action of the court in admitting evidence to show former conviction.

4. The action of the court in giving on its own motion an instruction that the accused could be convicted of a felony.

5. The refusal of the court to instruct the jury that they could not consider the charge of former conviction.

6. The action of the court in instructing the jury as set forth in certificate No. 9.

7. The action of the court in directing the jury to amend its verdict.

8. The refusal of the court to set aside the verdict.

9. The admission of the question whether a witness had not said that he had bought liquor from the accused.

10. The admission of evidence that a witness had said that he had bought liquor from the accused.

As we view the case the judgment of the court will have to be reversed, the verdict of the jury set aside and a new trial granted the accused, who was convicted of a felony, because the evidence does not sustain a conviction of felony. In consequence of this view we will omit discussion of the 1st, 7th and 8th assignments of error, and will discuss the second assignment, under the designation (A), the 3rd, 4th, 5th and 6th assignments together, under the designation (B) as they involve the same, or are germane to the same subject, and the 9th and 10th assignments under the designation (C).

[1] (A) We cannot consider the second assignment of error for the reason that the grounds of demurrer and motion to quash were not stated, or do not affirmatively appear from the record to have been stated. Rule 22 of this court requires, among other things, that objection to all matters requiring a ruling or judgment of the trial court shall state with reasonable certainty the ground of such objection. In the instant case there was a general demurrer and a motion to quash the indictment and each count thereof, without, so far as the records show, assigning any reason for either motion .

The court overruled both motions and exception was duly taken.

This case presents, in a striking way, the importance and value of the rule, for the reason that the objections to the indictment assigned here, if made in the trial court at the time the demurrer was interposed, could all have been met by amendment to the indictment pursuant to sections 4876 or 4877 of the Code, without making any change in the character of the offense charged, and the trial could have proceeded upon the amended indictment. *Kelly* v. *Comth,* 140 Va. 522, 125 S. E. 437.

[2-4] The objections interposed to the indictment in this court are: That it fails to set out the time of the former conviction; that the facts stated in the indictment may be true and yet the accused may not be guilty of the charge of a second offense under the statute, and that no one count undertakes to aver, even defectively, all of the essentials of a felony.

The indictment is copied in the margin.*

Under the circumstances it is not necessary to say whether the indictment was defective as it stood, and we express no opinion as to this.

[5-10] It is pertinent to say, however, that the object of the allegation of prior conviction is to put the accused on notice that record proof of a prior conviction will be introduced, which, if it meets the requirement of

---

*"The grand jurors in and for the body of said county of Prince William, and now attending said court, at its June term, 1926, upon their oaths, do present that Geo. O. Keeney on or about the 4th day of June, 1926, in said county of Prince William, did unlawfully sell, keep and give away ardent spirits, against the peace and dignity of the Commonwealth of Virginia.

"The grand jurors aforesaid, in and for the county aforesaid, upon their oath aforesaid, do further present that the said George O. Keeney, upon his plea of guilty, in said circuit court for said county, to an indictment, was convicted for unlawfully keeping, storing and exposing for sale, in said county of Prince William, ardent spirits, against the peace and dignity of the Commonwealth of Virginia."

the law, that is, proves a prior conviction, will increase
the penalty.   Insufficiency of the notice, of course, may
be taken advantage of by demurrer, if the ground of
alleged insufficiency is pointed out to the trial court.
If the proof fails to show that the offense for which the
accused is being tried is in fact an offense committed
after conviction of a former offense, under the statute,
the proof should be excluded and the trial should pro-
ceed as if no prior conviction had been alleged.   That
is to say, the allegation of a prior conviction under the
prohibition statute is no part of the offense charged,
but it is the averment of a fact which, if proven, in-
creases the penalty.   It gives the accused notice, and
that is all it purports to do, that a *record* (not the testi-
mony of witnesses) of a former conviction will be intro-
duced against him at the trial.   The record introduced
must show on its face every essential thing the pro-
hibition statute and the decisions of this court require
to meet the definition of a prior conviction, or the proof
fails.   In the instant case the accused was not prej-
udiced by the failure of the indictment to more specifi-
cally charge the prior conviction.   He knew fully as
much as he would have known if the indictment under
which he was formerly convicted had been copied into
the indictment under review, and as stated we are not
disposed to relax the Rule 22 referred to above, unless
the ends of justice have been thwarted.   The allegation
of a prior conviction should properly have been em-
bodied in the first count of the indictment, but the
rights of the accused were not prejudiced by the ir-
regularity of alleging it in a second count.

(B) This case was tried in the lower court upon the
theory, on the part of the Commonwealth, that the in-
dictment charged, and the proof sustained, a charge of
a felony.   On the other hand counsel for the accused

contended that the indictment did not charge a felony and the proof not only did not sustain such a charge but negatived it.   The trial court took the view that the indictment charged a felony and the proof sustained the felony charge.   The question as to which view is correct is clearly raised in instructions 6 and 9 given by the court, and the objections assigned thereto, and in instruction 7 offered by the accused and refused by the court.   Instruction No. 6 was as follows: "The jury are instructed that if they believe from the evidence beyond a reasonable doubt that the defendant had in his possession all or any part of the ardent spirits offered in evidence, they shall find the defendant guilty, unless they shall further believe from the evidence that the accused had it for his personal use, in which case he cannot be convicted of a felony."   This instruction was objected to on the ground that no felony was properly charged in the indictment, or proven.

Instruction No. 9 was as follows: "If you find the defendant guilty as indicted, you shall fix his punishment by confinement in the penitentiary not less than one, nor more than five years, or in your discretion by confinement in jail not less than six months nor more than twelve months, and by a fine not exceeding $500.00."

The objection to this instruction was practically the same as that to instruction No. 6.   It manifestly confined the jury to punishment of the accused, if he was found guilty, for a felony, and the minimum punishment the jury could impose was a fine and one year in jail.   No other instruction as to the punishment was given.

Instruction No. 7, requested by the accused and refused by the court, sought to tell the jury that they could not convict of a felony.

In connection with this general subject there are two

questions to consider: 1st. Does the indictment charge a felony or a misdemeanor, and 2nd. Does the proof sustain a charge of felony or of a misdemeanor.

The indictment was drawn under section 4675 (43) of the Code, and the second paragraph or count was added, as provided by section 4675 (5), to indicate that the offense charged in the first paragraph was a subsequent offense.

[11] Under section 4675 (5) *every* subsequent offense is a felony unless the subsequent offense is the offense of drinking, giving away or receiving ardent spirits contrary to the provisions of the prohibition act, or unless the subsequent offense is that of purchasing or having in possession ardent spirits for *personal* use, or unless the prior conviction was for any one of the offenses just enumerated.

[12] The form of indictment made legal by the statute (section 4675 [43]), when used, with the addition of a charge of prior conviction, in the absence of the requirement of a bill of particulars, which was not required in the instant case, makes it possible for the accused to be found guilty of a felony or of a misdemeanor, according to the proof. In this case the charge was of a felony because it was possible, before evidence was introduced which pointed out the specific offense, for the accused to have been convicted, for example, of selling ardent spirits under the charge in paragraph one of the indictment, and on the record, under the prior conviction charge, showing that the accused had been previously found guilty of keeping, storing or exposing ardent spirits for sale, a combination under section 4675 (5), which would constitute a felony.

On the other hand it was possible, since no bill of particulars was required, for the proof to show that the

accused was guilty under the indictment of giving away ardent spirits, in which event he would have been guilty only of a misdemeanor, in spite of the allegation and proof of a prior conviction. So that, in a sense, under the peculiar conditions brought about by the statutory form of indictment the accused stood indicted for either a felony or a misdemeanor, not because the misdemeanor was a necessary part of the felony charged, as is sometimes the case, but dependent upon the proof. It is apparent from what has been said, that, in the absence of a bill of particulars, and in view of the fact that no grounds of demurrer were alleged, the indictment charged a felony and a misdemeanor.

[13, 14] It remains now to be seen whether the former conviction was of one of those offenses which the statute (section 4675 [5]) declares in no event shall be a felony. The indictment in the case of prior conviction does not appear in the record, but it must have been drawn under section 4675 (12) of the prohibition act which makes the possession of ardent spirits, even in the home, unlawful, unless the ardent spirits shall have been lawfully acquired, etc., and the bare possession *prima facie* unlawful possession, because the order finding the accused guilty in the former prosecution was upon a plea of "guilty of illegal possession of ardent spirits." With this record as it stands before us now we must hold that the illegal possession of which the accused was previously convicted, is the unlawful possession referred to in section 4675 (5) proof of prior conviction of which, in combination with any other misdemeanor under the prohibition act, will not constitute a felony. When this appeared, it was clear that the proof only supported a charge of misdemeanor, aggravated by the fact of the prior conviction, it is true, but a misdemeanor never-

theless, and the court should then and there have amended that part of the indictment alleging prior conviction to conform to the proof, pursuant to section 4876 of the Code, and proceeded with the trial upon the amended indictment as if it had charged a misdemeanor only, in the beginning.

[15] It is clear, under the circumstances of the case, that the court erred in instructing the jury that they could find the accused guilty of a felony. The proof sustained the charge of a misdemeanor, but of an aggravated misdemeanor, because of the former conviction of illegal possession of ardent spirits. The instructions should have been appropriate to this character of violation of the prohibition law and the punishment for such a violation.

[16] In this connection it is appropriate to say that the court committed no error in refusing to reject the record evidence of a prior conviction upon motion of counsel for accused. The ground upon which counsel sought to have the court reject the evidence was in substance, that the indictment did not show the time of the alleged commission of the prior offense, the same ground alleged in this court upon the demurrer, but which ground was not stated in the trial court.

If the reasons assigned at this stage of the case for rejecting the evidence of former conviction had been assigned at the time of the demurrer the indictment could, and no doubt would, have been amended according to the facts as shown by the record, and it would then have been clear that the accused was charged with a misdemeanor. Having neglected to call for a bill of particulars as to the main charges, and elected to remain silent as to the grounds of demurrer, when the situation could have been clarified by amend-

ment, the accused could not at a later stage complain of the introduction of evidence which clearly showed a prior conviction and the time thereof.

[17] Rule 22 was adopted for the very purpose ·of preventing the setting of traps for trial courts.

Assigning reasons for excluding the record of the prior conviction of the accused at that stage of the case when the record was offered in evidence was, in effect, but springing the trap previously set by failure to assign any reason at all for the demurrer.  The high character of counsel precludes the idea that an intentional trap was set for the court in this case, but the effect was the same as if the court had been led into . error, if error there was, and the error pointed out when it was too late to correct it.

[18] (C) As the case must be reversed and remanded for a new trial it is not necessary to discuss the remaining assignments of error except to refer to assignments 9 and 10, and so far as they are concerned it is only necessary to say that it was error to permit the introduction of evidence that a witness, who denied that he had made the statement, had· stated he had bought whiskey from the accused when the sale of the liquor in question was not·the subject matter of the charge in the indictment, even though the court instructed the jury that the only object of the testimony was to impeach the witness who had denied the purchase. The matter upon which it was sought to impeach the witness was, so far as this case is concerned, collateral to the issue, and the attorney for the Commonwealth was bound by the answer of the witness.  See *Beavers* v. *Commonwealth, ante* page 585, 136 S. E. 501, handed down at the January term of this court.

Whether this would alone be reversible error in a case such as this, it is not necessary to say.

The prejudicial error in the case grows out of the fact that the court limited the jury to a minimum punishment of a fine and imprisonment in jail for twelve months, whereas section 4675 (6) of the prohibition act declares that "the penalty for any subsequent offense committed after the first conviction, which is not declared a felony by this act (which we have seen is the offense proven in the instant case), shall be a fine of not exceeding $500.00 and imprisonment in jail for not less than three months nor more than twelve months." For this reason the judgment of the trial court must be reversed and the case remanded to the circuit court for a new trial to be had in conformity with the views herein expressed.

*Reversed and remanded.*