# Richmond

## W. W. JENNINGS AND HERBERT GLAZEBROOK V. COMMONWEALTH.

January 15, 1931.

Present, Prentis, C. J., and Campbell, Holt, Hudgins and Gregory, JJ.

*Archer L. Jones* and *K. L. Woody,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General,* for the Commonwealth.

HUDGINS, J., delivered the opinion of the court.

W. W. Jennings and Herbert Glazebrook were charged in separate indictments with manufacturing distilled ardent spirits. By agreement, they were tried jointly. Both were convicted and the jury fixed the punishment of Jennings at two years' confinement in the penitentiary and that of Glazebrook at a fine of $100 and six months' confinement in jail.

There were three errors assigned, the first of which is urged by both Jennings and Glazebrook, the last two by Jennings alone. The assignments may be stated thus:

(1) The refusal of the trial court to set aside the verdict because it was contrary to the law and the evidence.

(2) The action of the trial court in permitting W. L. West, the sheriff, to state before the jury that he had been informed that Jennings was operating a still near Savedge Station, in Surry county.

(3) The refusal of the trial court to strike from the indictment against Jennings the following allegation: "Who has heretofore, to-wit, on the 9th day of November, 1928, been convicted of violation of the prohibition law of Virginia."

In disposing of the charge against Glazebrook it is necessary to discuss briefly the evidence. The Commonwealth relies upon the following facts: W. L. West, the sheriff of Surry county, with two other officers, on the morning of September 20, 1929, raided a still and found it in full operation, with four men, the plaintiffs in error and two colored men, present at the still, and all four watching corn whiskey run therefrom.

To meet the *prima facie* case thus made by the Commonwealth, Glazebrook introduced the evidence of the two negroes, who testified that they were operating the still and had been employed for that purpose by some white man whose name was unknown to them, and that neither Jennings nor Glazebrook assisted in operating the still or had any interest in it. The two negroes had plead guilty to the felony charge and the punishment of each had been fixed by the court at a fine of $100 and confinement in jail for six months.

Jennings testified that he had nothing to do with the still; that he had been present only about five minutes bebefore it was raided; that some unnamed negro in Prince George county had told him there was a still near an old sawdust pile not far from Savedge Station; that he had left his home about nine-thirty that morning and driven three miles to Savedge Station and there, at Booth's store, had met Glazebrook, and with him had walked about a

mile and a half to the still; that at the time the still was raided he did not run, and that he told the officers he had gone there to get a drink.

The testimony of Glazebrook was that he met Jennings at Booth's store, that Jennings told him he knew where there was a still, and he consented to go with him to it, expecting to get a drink, and that Jennings intended to get a half-gallon of whiskey. The difference in the testimony of the two men is that Jennings stated that his purpose in going to the still was to get a drink and Glazebrook stated that Jennings intended to get a half-gallon.

It is possible that the testimony as to how, when and where Glazebrook met Jennings, and why he went with him to the still, is false, but it is not denied by the Commonwealth, nor is it inherently incredible. On the question of the guilt of Glazebrook, the Commonwealth relies solely on his presence at the still; the record discloses no other incriminating evidence. In our view of the evidence, Glazebrook, as a matter of law, has overcome the *prima facie* case made against him by the Commonwealth, and the court erred in refusing to set aside the verdict as to him.

Jennings' case presents a question for the jury. In addition to his presence at the still, the Commonwealth proved his bad reputation as a violator of the prohibition law, and his account of the source of his information as to the location of the still is vague and indefinite. The jury had a right to accept or reject this explanation, and by their verdict they have rejected it. We cannot say as a matter of law they are wrong.

It is claimed that that part of section 4675 (20) which makes the presence of a person at a still where ardent spirits are being manufactured *prima facie* evidence of his guilt is unconstitutional and void, in that it is a denial of the due process of law guaranteed by the fourteenth amend-

ment to the Constitution of the United States. To support this contention, numerous decisions of the Supreme Court of the United States are cited. Among them is an opinion delivered by Mr. Justice Holmes in the case of *McFarland* v. *American Sugar Refining Co.*, 241 U. S. 79, 86, 36 S. Ct. 498, 501, 60 L. Ed. 899, at page 904, where it is said:

■ "As to the presumptions, of course, the legislature may go a good way in raising one or in changing the burden of proof, but there are limits. It is essential that there shall be some rational connection between the fact proved and the ultimate fact presumed, and that the inference of one fact from proof of another shall not be so unreasonable as to be a purely arbitrary mandate."

■ ■ Applying the principle therein contained, ardent spirits, as a beverage, have been outlawed both by Congress and in the majority of the States. Manufacturing distilled ardent spirits is declared a felony by the Virginia legislature. Presence at a still in full operation is a most suspicious circumstance. It is a matter of common knowledge that stills are usually operated in remote and secluded places, far removed from the usual routes of travel. Even if one is present only to get a drink or to buy ardent spirits he is, in fact, encouraging an unlawful and felonious act. Ardent spirits cannot be manufactured unless some one is present at the still. The still in operation is the *corpus delicti*. Under the act, the Commonwealth must prove the *corpus delicti*, and that the accused was present when the crime was committed. These two facts make under the statute a *prima facie* case. The burden of introducing evidence is, then, on the accused; he must meet the case made out against him by credible evidence. If he offers evidence which is reasonable, credible, clear, convincing and un-contradicted, then he overcomes the *prima facie* case made against him as a matter of law. If his evidence is vague, indefinite, unreasonable, incredible, or is substantially

contradicted, then a question for the jury is presented. The provisions of the act come squarely within the rule declared by the authorities cited in the brief of the plaintiffs in error, namely, "a rational connection between the fact proved and the ultimate fact presumed." Inference of participation in the crime from presence at the still while it is in actual operation is not "so unreasonable as to be purely an arbitrary mandate."

The part of the evidence constituting the second assignment of error is certified to us in the following language: That W. L. West, the sheriff, had been informed that W. W. Jennings was operating a still in Surry county, his informant telling him the approximate location of the still, which was in the woods in the vicinity of Savedge Station.

The Attorney-General, in his attempt to support the action of the trial court in permitting this evidence to be introduced, relies solely on the ruling of this court in the case of *Hall* v. *Commonwealth,* 145 Va. 818, 133 S. E. 683. In that case the officers were permitted to testify that they went to the home of the accused to search for ardent spirits upon information that there had been whiskey at the Hall home. The officers found in the kitchen five gallons of whiskey, and numerous bottles, jugs and kegs in other parts of the house and yard, all smelling of whiskey. In the kitchen were found two notorious bootleggers, seemingly about to siphon whiskey from one container to another.

The evidence objected to in that case was that the officers had heard that whiskey had been in the home of the accused. The direct evidence conclusively proved not only that whiskey had been there, but was there at the time the officers made the search. In addition, the officers had the right to explain their presence in the home of the accused. The court, in disposing of this contention, said that the "accused could not have been prejudiced by the admission of this evidence."

In the case at bar, the vital issue was whether or not Jennings was participating in the manufacture of ardent spirits. The Commonwealth relied on circumstantial evidence alone to prove that he was. The statement of a man so well and favorably known in the community as the sheriff that he was told that Jennings was operating this still is bound to have had its effect on the jury.

The third assignment of error deals with the allegation in the indictment to the effect that Jennings had previously been convicted of violating the prohibition law. The indictment contained but one count, charging that Jennings did on the 20th day of September, 1929, manufacture distilled ardent spirits.

The Commonwealth contends that the provision of section 4675 (43) requiring the prosecuting attorneys, if there has been a prior conviction, to so state in the indictment, is mandatory. This section was originally section 7 of the prohibition statute of 1916 (Acts 1916, chapter 146). The purpose of this act was to increase the punishment for habitual violators of the prohibition law. A second conviction for violation of certain provisions was, and is, declared to be a felony. For the violation of other provisions, the conviction of a second offense remains a misdemeanor, but the punishment therefor is made more severe. When the charge of a prior conviction is germane to the enhanced punishment, the prosecuting attorneys have no discretion, they must obey the mandate of this provision of the act, but when the charge itself is a felony, the allegation of a prior conviction should not be included in the indictment, because it is not germane to the offense or to the punishment.

In *Keeney* v. *Commonwealth*, 147 Va. 678, 137 S. E. 478, the object of the allegation of a former conviction is discussed at some length, and such allegation is held to be no part of the offense charged, but is a statement of fact, which, if proven, increases the penalty, provided, of course,

that the offense charged is also proven. Such allegation gives the accused notice, and that is all it purports to do, that a record of a former conviction will be introduced against him at the trial.

In *Langford* v. *Commonwealth*, 154 Va. 879, 153 S. E. 821, it was stated that an allegation of a prior conviction had no place in a count charging the manufacture of distilled ardent spirits. In that case such an allegation was held to be harmless error, because in the same indictment there was another count charging a misdemeanor, and in the misdemeanor count the allegation of a prior conviction, if proven, would have increased the penalty.

In the case at bar, no evidence was offered to prove the allegation of a prior conviction. Such evidence would not have been admissible either to prove the offense charged or to increase the punishment therefor.

■ In a prosecution for a violation of the prohibition law section 4675 (42) provides that "it shall be competent * * * to prove the general reputation of the defendant as a violator of the prohibition laws." To this extent the usual rules of evidence with regard to the reputation of the accused have been changed by the legislature. But even under this provision, evidence of specific acts of the accused tending to prove bad reputation is, ordinarily, not admissible.

■ In the case under consideration, the Commonwealth relies purely on circumstantial evidence, mainly on the suspicious circumstance of the accused's presence at the still in operation. Under these circumstances, we cannot say that the allegation of a former conviction is mere surplusage and hence harmless error.

For the reasons stated herein, the judgment of the trial court in each case will be reversed and the cases remanded to the circuit court for a new trial, to be had in conformity with the views herein expressed.

*Reversed.*