# Richmond

## J. R. McCallister v. Commonwealth.

November 12, 1931.

Present, Prentis, C. J., and Campbell, Holt, Epes and Gregory, JJ.

The opinion states the case.

*R. B. Stephenson* and *S. R. Price*, for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General,* for the Commonwealth.

CAMPBELL, J., delivered the opinion of the court.

The accused, J. R. McCallister, has been found guilty under an indictment which charged a violation of the prohibition law. There were two counts in the indictment. The first count charged that the accused "did unlawfully and feloniously manufacture ardent spirits," and also alleged that the accused had, prior to the finding of the in-

dictment, been convicted upon a warrant charging a violation of the prohibition law, to-wit, having in possession and transporting ten gallons of ardent spirits. The second count, charging that the accused had a fire-arm in his possession at the place where the liquor was manufactured, was abandoned in the trial court and is not in issue in this court.

During the progress of the trial, the lower court, over the objection of the accused, permitted the Commonwealth to offer in evidence the warrant upon which the accused had been formerly convicted, in order to sustain the allegation of the indictment that the accused, prior to the finding of the indictment, had been convicted of a violation of the prohibition law, viz, a misdemeanor.

Upon the conclusion of the evidence the accused offered this instruction:

"The court instructs the jury that the allegations and proof of a former conviction of the defendant does not increase the punishment in the case, and should not be considered by the jury in arriving at their verdict."

The court refused to give the instruction, and this action, together with the action of the court in admitting the warrant in evidence, is assigned as error.

Under the provisions of section 4675 (5) of the Code it is a felony for any person to manufacture distilled ardent spirits. The punishment prescribed for a violation of that section is confinement in the penitentiary for not less than one nor more than five years, or, in the discretion of the jury, by confinement in jail not less than six months nor more than twelve months, and by a fine not exceeding $500.00.

There is in the prohibition statute no provision for increased or additional punishment where the accused is tried on an indictment charging a felony, but clause six of section 4675 of the Code does provide for the imposition of additional punishment where the accused has been previously convicted under the prohibition law.

■ Prior to the enactment of the Code of 1919, the statute providing for additional punishment where an accused was tried upon an indictment for felony, required that the former conviction of a felony must be alleged and proved. See Acts 1847-8, page 123; Code 1873, page 1219; Code 1887, section 3905. It further provided that the punishment be fixed at five years' confinement in the penitentiary. In the revision of the Code in 1919 the law was radically changed both as to procedure and punishment. Under the provision of section 5054 of the Code of 1919 a circuit court no longer has jurisdiction to try an accused upon an indictment alleging a former conviction of a felony. That section sets forth the method of procedure and prescribes such punishment as the court may deem proper. Jurisdiction to impose additional punishment, where an accused has been previously convicted of a felony, is vested in the Circuit Court of the city of Richmond. The reason for the change in the law is thus stated in the revisors' note appended to section 5054:

"This section takes the place of sections 3905 and 3906 of the Code of 1887, as amended by Acts 1916, pages 34, 35, and sections 4177, 4180, 4181, 4182 and 4183 of the former Code. The revised section makes one material change in the law. Under it the subject of prior conviction cannot be made a matter of inquiry on the trial of the principal offense. ALL proceedings are to be had in the Circuit Court of the city of Richmond. It seemed to the revisors unfair to the prisoner, when on trial for a felony, to prejudice his case by alleging and proving on that trial a former conviction at another time and place  *  *  *  ."

It is self-evident that it was the manifest intention of the legislature to remove the cloud under which an accused rested when arraigned upon an indictment charging both a felony and a prior conviction of a former offense. While not

necessary to pass upon the direct question herein involved, this court has in two prior decisions discussed similar questions.

In *Keeney* v. *Commonwealth*, 147 Va. 678, 137 S. E. 478, Judge Chichester discusses at some length the object of the allegation in an indictment of a former conviction, and points out the cases enumerated in the prohibition statute when such an allegation is proper.

In *Langford* v. *Commonwealth*, 154 Va. 882, 153 S. E. 821, 822, Justice Holt, construing section 4675 (6), holds that the offense upon which additional punishment may be based apply to all second offenses not made felonies by the statute. In that case this language appears: "A prior conviction does not change or increase the penalty for manufacturing, which is a felony in itself, and since this is true, there was no occasion for putting a charge of second conviction in the first count (which charged a felony) and it should not have been done   *   *   *   ."

In *Jennings* v. *Commonwealth*, 155 Va. 1075, 156 S. E. 394, 396, decided subsequently to the conviction of the plaintiff in error, Justice Hudgins, in ·discussing a similar assignment of error to the one involved, said:

"The third assignment of error deals with the allegation in the indictment to the effect that Jennings had previously been convicted of violating the prohibition law. The indictment contained but one count, charging ·that Jennings did on the 20th day of September, 1929, manufacture dis- tilled ardent spirits.

"The Commonwealth contends that the provision of section 4675 (43), requiring the prosecuting attorneys, if there has been a prior conviction, to so state in the indictment, is mandatory. This section was originally section 7 of the prohibition statute of 1916 (Acts 1916, chapter 146). The purpose of this act was to increase the punishment for habitual violators of the prohibition law. A second con-

viction for violation of certain provisions was, and is, declared to be a felony. For the violation of other provisions, the conviction of a second offense remains a misdemeanor, but the punishment therefor is made more severe. When the charge of a prior conviction is germane to the enhanced punishment, the prosecuting attorneys have no discretion, they must obey the mandate of this provision of the act, but, when the charge itself is a felony, the allegation of a prior conviction should not be included in the indictment, because it is not germane to the offense or to the punishment.

*   *   *   *   *

"In the case at bar no evidence was offered to prove the allegation of a prior conviction. Such evidence would not have been admissible either to prove the offense charged or to increase the punishment therefor."

■ In the instant case, the reason for the application of the rule is much stronger. Not only did the indictment contain an allegation of former conviction, but the court, over the objection of the accused, permitted the attorney for the Commonwealth to introduce evidence in support of the damaging allegation, and refused to give instruction "E," *supra*, which might have rectified the error, or at least tended to mitigate the punishment imposed.

Our conclusion is that it was error apparent on the face of the indictment to include in a charge of felony the allegation of a former conviction of the accused; that it was error to admit the evidence tending to prove a former conviction, and that it was error to refuse instruction "E" offered by the accused.

■ ■ It is further assigned as error that the court erred in refusing to require the attorney for the Commonwealth to furnish the accused a proper bill of particulars, especially in view of the action of the court in instructing the jury that the accused (if they believed the evidence of the Commonwealth) could be convicted of aiding and abetting in the

manufacture of distilled ardent spirits. As the evidence adduced and the instructions given may, upon a second trial, produce a different situation, it is unnecessary to discuss in detail the assignments of error. However, if a bill of particulars is again asked for, "the trial court should require the prosecutor to supply such a bill as will fairly give the accused notice of the cause and nature of the accusations." *Hudgins* v. *Commonwealth*, 142 Va. 633, 128 S. E. 565, 566.

In the case at bar this requirement would have been met had the prosecutor added to the bill of particulars the language "aiding and abetting in the manufacture of distilled ardent spirits."

If, on the second trial, the evidence of the Commonwealth should be the same, then, under the amended bill of particulars, the instructions given are free from objection.

For the reasons stated, the judgment of the circuit court will be reversed and the case remanded for a new trial, with directions that the court permit the attorney for the Commonwealth to amend the indictment by eliminating the allegation of former conviction.

*Reversed.*