# Richmond

Roy David Tyson v. Edmund W. Hening, Jr., Et Al., Etc.

June 15, 1964.

Record No. 5809.

Present, All the Justices.

*E. Ballard Baker*, for the petitioner.

*Reno S. Harp, III, Assistant Attorney General (Robert Y. Button, Attorney General*, on brief), for the respondents.

SNEAD, J., delivered the opinion of the court.

Under Code, § 53-296[1], petitioner, Roy David Tyson, a convict in the Virginia State Penitentiary, was on December 14, 1960, tried and sentenced to confinement in the penitentiary for a term of one year by the Circuit Court of the City of Richmond upon an information which alleged that he had been convicted of felonies on three occasions and had been received in the penitentiary on two occasions. At the recidivist hearing he was not afforded the assistance of counsel and under the decision of the Supreme Court of the United States in *Chewning* v. *Cunningham*, 368 U. S. 443, 82 S. Ct. 498, 7 L. ed. 2d 442, the additional sentence imposed was invalid.

On April 10, 1963, the Commonwealth sought to re-try Tyson on the information. Competent counsel was appointed to represent petitioner but when his case was called he refused to plead to the allegations in the information. The case was continued until April 24. Present counsel was then appointed to represent him in place of the former who, for reasons not disclosed by the record, retired from the case, and petitioner again refused to plead. There were several additional continuances, the last one being a general continuance because of the institution of this proceeding. There is also pending in

---

[1] "§ 53-296. Convicts previously sentenced to like punishment; additional confinement.—When a person convicted of an offense, and sentenced to confinement therefor in the penitentiary, is received therein, if it shall come to the knowledge of the Director of the Department of Welfare and Institutions that he has been sentenced to a like punishment in the United States prior to the sentence he is then serving, the Director of the Department of Welfare and Institutions shall give information thereof without delay to the Circuit Court of the city of Richmond. Such court shall cause the convict to be brought before it, to be tried upon an information filed, alleging the existence of records of prior convictions and the identity of the prisoner with the person named in each. The prisoner may deny the existence of any such records, or that he is the same person named therein, or both. Either party may, for good cause shown, have a continuance of the case for such reasonable time as may be fixed by the court. The existence of such records if denied by the prisoner, shall be first determined by the court and if it be found by the court that such records exist, and the prisoner says that he is not the same person mentioned in such records, or remains silent, his plea, or the fact of his silence, shall be entered of record, and a jury of bystanders shall be impaneled to inquire whether the convict is the same person mentioned in the several records. If they find that he is not the same person, he shall be remanded to the penitentiary; but if they find that he is the same person, or if he acknowledge in open court after being duly cautioned, that he is the same person, the court may sentence him to further confinement in the penitentiary for a period of not exceeding five years, if he has been once before sentenced in the United States to confinment in the penitentiary; but if he has been twice sentenced in the United States to such confinement, he may be sentenced to be confined in the penitentiary for such additional time as the court trying the case may deem proper. This section, however, shall not apply to successive convictions of petit larceny."

the Circuit Court of the City of Richmond a petition for a writ of *habeas corpus* filed by Tyson.

Here, petitioner seeks to prohibit the respondents from proceeding with his recidivist trial on the ground that: "(1) The Circuit Court of the City of Richmond has no jurisdiction because he did not commit any crime in the City of Richmond. (2) The charge of recidivism should have been made at the time of his conviction in Fredericksburg on July 22, 1960. (3) He is entitled to a jury of 12 persons if tried as a recidivist, rather than the jury of five which is customarily provided in trials under section 53-296. (4) Any retrial of him as a recidivist violates the constitutional provisions against double jeopardy." His basic argument is that § 53-296 charges him with a criminal offense and, therefore, he is entitled to the guarantees afforded by § 8 of the Constitution of Virginia. It reads in part as follows:

"§ 8. Concerning criminal prosecutions generally.—That in criminal prosecutions a man hath a right to demand the cause and nature of his accusation, to be confronted with the accusers and witnesses, to call for evidence in his favor, and to a speedy trial by an impartial jury of his vicinage, without whose unanimous consent he cannot be found guilty. He shall not be deprived of life or liberty, except by the law of the land or the judgment of his peers; nor be compelled in any criminal proceeding to give evidence against himself, nor be put twice in jeopardy for the same offense.

"Laws may be enacted providing for the trial of offenses not felonious by a justice of the peace or other inferior tribunal without a jury, preserving the right of the accused to an appeal to and a trial by jury in some court of record having original criminal jurisdiction. Laws may also provide for juries consisting of less than twelve, but not less than five, for the trial of offenses not felonious, and may classify such cases, and prescribe the number of jurors for each class."

The petitioner argues that recidivist proceedings are criminal and more particularly felony proceedings because the minimum sentence which may be imposed is one year in the penitentiary; that the crime for which he was received in the penitentiary the second time was committed in Fredericksburg, Virginia, which entitles him to be tried by a jury of that vicinage; that since he was tried and convicted there the recidivist trial would place him in double jeopardy; that a jury of five is always impaneled at recidivist proceedings but since such is a felony trial he is entitled to be tried by a jury con-

sisting of twelve members, and that since he was first charged as being a recidivist in 1960 and has not been validly tried as such he has been denied a speedy trial.

The policy of this State has long been to visit with increased punishment habitual offenders who have been convicted of and sentenced to the penitentiary for felonies. *Rand* v. *Commonwealth*, 9 Gratt. (50 Va.) 738, 740-41; *Wright* v. *Commonwealth*, 109 Va. 847, 851, 65 S. E. 19. Virginia's initial habitual criminal statute was enacted in 1796. 2 Stat. at Large [New Series], 1796-1802, Sec. 24, p. 9. These statutes have been amended, modified and enlarged over the years but their paramount purpose has always been to protect society against habitual criminals and to impose further punishment upon that particular class of offenders. *Wesley* v. *Commonwealth*, 190 Va. 268, 276, 56 S. E. 2d 362. Additional punishment is imposed on a recidivist because the former punishment proved to be inefficacious in accomplishing the work of reform for which it was designed. *Rand* v. *Commonwealth, supra,* 9 Gratt. at p. 745.

The purpose of § 53-296 and prior recidivist statutes is to discourage repetition of criminal acts by individuals against the peace and dignity of the Commonwealth. "It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because it is a repetitive one." *Sims* v. *Cunningham,* 203 Va. 347, 353, 124 S. E. 2d 221.

In order to sentence an accused as a second offender it must be shown that he had been convicted and sentenced to the penitentiary and thereafter committed a second penitentiary offense and had been sentenced and received in the penitentiary therefor. Upon his entry into the penitentiary under this second conviction, he meets all the intended requisites of § 53-296. He has, in sequence, committed two separate crimes for which he has been convicted and sentenced to the penitentiary. *Wesley* v. *Commonwealth, supra,* 190 Va. at p. 276.

Prior to 1919, in order to impose additional punishment on an habitual criminal the former convictions could be alleged in the subsequent indictment and then proven at the trial on that indictment. If this was not done information could be filed in the Circuit Court of the City of Richmond. Petitioner contends that since the indictment on which he was convicted in Fredericksburg on July 22, 1960, did not allege that he was a recidivist he cannot now be tried as such. This practice was abandoned in 1919 when the Code

was revised and the sole jurisdiction to impose additional punishment on an habitual criminal was vested in the Circuit Court of the City of Richmond. (§ 5054, Code 1919) The change was made to preclude inquiry regarding prior convictions at the subsequent felony trial for the protection of the accused so that he would not be prejudiced by evidence of former convictions. See *McCallister* v. *Commonwealth*, 157 Va. 844, 847, 161 S. E. 67.

The contention that the Circuit Court of the City of Richmond was without jurisdiction to try petitioner because he committed no crime in the city of Richmond is without merit. As previously stated § 53-296 (formerly § 5054, *supra*) confers exclusive jurisdiction on that court to impose additional punishment on recidivists. Furthermore, a charge of a prior conviction does not constitute a charge or allegation of the crime for which the accused has been tried. It is solely an allegation of his status, which, if supported by the evidence, determines the extent of the punishment to be imposed. It bears no relation to the offense other than determination of the sentence to be imposed. See *State* v. *Lawson*, 125 W. Va. 1, 3, 22 S. E. 2d 643, 644. The essential fact necessary to the imposition of additional punishment for habitual criminals is their receipt at the penitentiary and such receipt therein vests jurisdiction in the Circuit Court of the City of Richmond.

The remaining contentions of petitioner turn upon whether a recidivist proceeding is a criminal prosecution, which would, if true, afford him the guarantees provided by § 8 of the Constitution of Virginia, i.e., trial by jury of twelve, freedom from double jeopardy and a speedy trial.

In *King* v. *Lynn*, 90 Va. 345, 18 S. E. 439, the accused challenged by way of *habeas corpus* a five year additional penitentiary confinement imposed by the Circuit Court of the City of Richmond under the then existing habitual criminal statutes. His entire argument was based upon the assumption that he was in the same position as one charged with a crime and therefore presumed innocent until proven guilty. He contended that he was entitled to those safeguards and formalities which the law requires in criminal prosecutions. In denying the writ we held that recidivist proceedings were not analogous to criminal prosecutions, and that the sole issue at a recidivist trial "is whether the prisoner is the person who was convicted" in the alleged prior trials.

The opinion states: "By the information he is notified of the records of the several convictions alleged against him, and is charged

with being the person convicted in each case; he is allowed to answer and of course to offer any evidence he may have to disprove the fact; and the fact is tried by a jury. This seems to us all that is required by justice or the circumstances of the case." 90 Va. at p. 347.

Petitioner concedes that his position is substantially the same as that raised by the accused and rejected by this court in the *King* case. He argues that the law has been changed by *Chewning* v. *Cunningham, supra*.

The *Chewning* case has undoubtedy changed our law but only to the extent that counsel must be appointed to represent indigent prisoners being tried as recidivists. The opinion expressly states that nothing more is decided or intimated. Here petitioner's additional sentence was avoided under the *Chewning* decision and counsel was appointed to represent him at his subsequent recidivist proceeding. This type of proceeding is constitutional. *King* v. *Lynn, supra*, 90 Va. at p. 347; *Surratt* v. *Commonwealth*, 187 Va. 940, 943-44, 48 S. E. 2d 362; *Sims* v. *Cunningham, supra*, 203 Va. at p. 351; *Moore* v. *Missouri*, 159 U. S. 673, 16 S. Ct. 179, 40 L. ed. 301; *McDonald* v. *Massachusetts*, 180 U. S. 311, 21 S. Ct. 389, 45 L. ed. 542; *Graham* v. *West Virginia*, 224 U. S. 616, 32 S. Ct. 583, 56 L. ed. 917.

As was said in the *Chewning* case, if the prisoner denies the existence of the records alleged in the information the court determines whether or not they exist. A jury is impaneled to try the issue of identity only. If the court finds that the records exist and if the jury finds that he is the same person named in the records then the court may sentence him to additional imprisonment. The Court stated that a prisoner so charged is entitled to have counsel appointed as "in other types of criminal trials" and cited *Williams* v. *Kaiser*, 323 U. S. 471, 65 S. Ct. 363, 89 L. ed. 398; *Tomkins* v. *Missouri*, 323 U. S. 485, 65 S. Ct. 370, 89 L. ed. 407; *Townsend* v. *Burke*, 334 U. S. 736. 68 S. Ct. 1252, 92 L. ed. 1690; *Hudson* v. *North Carolina*, 363 U. S. 697, 80 S. Ct. 1314, 4 L. ed. 2d 1500; *McNeal* v. *Culver*, 365 U. S. 109, 81 S. Ct. 413, 5 L. ed. 2d 445. 82 S. Ct. at p. 500.

All of these cases were collateral proceedings attacking the validity of prior judgments of convictions where the defendants had been convicted without being represented by counsel. In the recidivist case in question counsel has been appointed to represent petitioner but this does not transform the nature of our statutory recidivist proceeding into a criminal trial. Recidivist statutes and habitual criminal acts create "no new offense" but merely provide "a pro-

ceeding" by which to determine the penalty to be imposed on one previously convicted of a crime. "In other words, *it is not a crime to be an habitual criminal.* It is, rather, a status" which makes one convicted of more than one felony liable to a heavier penalty. (Italics supplied.) *Little* v. *Gladden,* 202 Ore. 16, 273 P. 2d 443, 444. See also *Peer* v. *Skeen,* 108 F. Supp. 921, 922.

It is not "a crime to be a multiple offender" nor is it an independent offense, but rather a status under which the penalty is enhanced. *State* v. *Hingle,* 242 La. 844, 139 So. 2d 205, 206-7. See also *State* v. *George,* 218 La. 18, 48 So. 2d 265, 268, cert. denied, 340 U. S. 949, 71 S. Ct. 528, 95 L. ed. 684. Recidivist statutes do not involve "an accusation of a crime" nor do they "create a separate offense", *Reynolds* v. *Cochran,* Fla., 138 So. 2d 500, 503 (reversed and remanded on other grounds, 365 U. S. 525, 81 S. Ct. 723, 5 L. ed. 2d 754). By enactment of § 53-296, our legislature has not declared that being an habitual criminal is a crime, nor did it create or define a new or independent crime or substantive offense. See *State* v. *Hoffman,* 235 Ore.    , 385 P. 2d 741, 744; *Hunter* v. *State,* Okla. Cr., 375 P. 2d 357, 361; *State* v. *Price,* 59 Wash. 2d 788, 370 P. 2d 979, 982.

Subsequent to the *Chewning* decision the General Assembly of Virginia made provision for the appointment of counsel to represent indigent prisoners in the prosecution of their petitions for writs of *habeas corpus.* It is too well settled to argue "that *habeas corpus* is a civil and not a criminal proceeding", *Smyth* v. *Godwin,* 188 Va. 753, 760, 51 S. E. 2d 230, cert. denied, 337 U. S. 946, 69 S. Ct. 1503, 93 L. ed. 1748, and the appointment of counsel in such proceedings does not change the nature of the proceedings from civil to criminal.

We have many times stated that our habitual criminal statutes are highly penal and must be construed strictly against the Commonwealth, *Wright* v. *Commonwealth, supra,* 109 Va. at p. 852; *Wesley* v. *Commonwealth, supra,* 190 Va. at p. 275, but the word " 'penal' is a much broader term than 'criminal' " and applies to the violations of many laws which are not criminal. *Marter* v. *Repp,* 80 N. J. L. 530, 77 A. 1030, 1031.

We adhere to our decision in *King* v. *Lynn, supra.* Our recidivist proceedings are not criminal trials but are merely statutory proceedings where it is determined whether the records of the alleged crimes exist and whether the prisoner is the same person that has been convicted of those crimes.

Since a recidivist proceeding is not a criminal prosecution it is

evident that, under § 8 of the Virginia Constitution, petitioner is not entitled to a felony jury consisting of twelve members.

The petitioner next contends that he has been deprived of a speedy trial guaranteed him under § 8 of the Virginia Constitution; that Code, § 19.1-191 requires that a person indicted for a felony "shall be forever discharged from prosecution for the offense" if he is not tried within three regular terms of the circuit court; that more than three terms of the Circuit Court of the City of Richmond have passed since he was charged as a recidivist and no valid trial has been had. The ready answer to the latter contention is that § 19.1-191 is not applicable to recidivist proceedings, because, as has been said, they are not criminal prosecutions. For the same reason he is not guaranteed a speedy trial under § 8 of the Virginia Constitution. That provision has no application to recidivist proceedings. Moreover, under the facts and circumstances before us we cannot say that there has been an unreasonable delay on the part of the Commonwealth in determining whether additional punishment should be imposed upon petitioner.

Finally, the allegation of double jeopardy has been so conclusively and universally held to be without merit that it does not warrant a lengthy discussion. A plea of former jeopardy has no application to habitual criminal proceedings. It is not an offense to be an habitual criminal, it is merely a status which determines the extent of punishment. *State* v. *Durham*, 177 Ore. 574, 582, 164 P.2d 448, 451; *State* v. *Lawson*, *supra*, 125 W. Va. at p. 3, 22 S. E. 2d at p. 644. See also *In Re Bean's Petition*, 139 Mont. 625, 365 P. 2d 936, 937; *Poppe* v. *State*, 155 Neb. 527, 52 N. W. 2d 422, 426-27; *Washington* v. *Mayo*, Fla., 91 So. 2d 621, 623; *State* v. *George*, *supra*, 48 So. 2d at p. 269; *Johnson* v. *Crouse*, 191 Kan. 694, 383 P. 2d 978, 982; *People* v. *Collins*, 172 Cal. App. 2d 295, 342 P. 2d 370, 374; *City of Cincinnati* v. *McKinney*, 101 Ohio App. 511, 137 N. E. 2d 589, 590; *Hunter* v. *State*, *supra*, 375 P. 2d at p. 361; *Bailleaux* v. *Gladden*, 230 Ore. 606, 370 P. 2d 722, 725; *Hines* v. *Tahash*, 263 Minn. 217, 116 N. W. 2d 399, 405; *State* v. *Johnstone*, *Mo.*, 335 S. W. 2d 199, 204; *State* v. *Price*, *supra*, 370 P. 2d at p. 982; 25 Am. Jur., Habitual Criminals, § 6, pp. 263-64.

For the reasons stated the prayer of the petition is denied.

*Writ denied.*