COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Humphreys
Argued at Richmond, Virginia


HENRY EARL JONES

                                        MEMORANDUM OPINION* BY
v.    Record No. 0406-99-2          JUDGE ROBERT J. HUMPHREYS
                                           AUGUST 1, 2000
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                      Timothy J. Hauler, Judge

             John B. Boatwright, III (Boatwright & Linka,
             on briefs), for appellant.

             Eugene Murphy, Assistant Attorney General
             (Mark L. Earley, Attorney General, on brief),
             for appellee.


     Appellant was convicted in a jury trial of the unlawful

wounding of James Howard Jones.  He asserts on this appeal that

the trial court erred during the penalty phase of the trial by

allowing into evidence a photograph of injuries received by

someone other than the victim, which were incurred at the same

time and place as the victim was injured in this case.  He also

questions the sufficiency of the evidence to support his

conviction.  Finding no error, we affirm his conviction.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

BACKGROUND

On April 5, 1998 appellant arrived at the home of James Jones, who is not related to appellant. Appellant's former girlfriend, Erin Posey, was also present. After his arrival, appellant got into a dispute with Posey after she told appellant that she no longer wanted to continue her relationship with him. All three individuals went into the kitchen where appellant took a "butcher's" knife from a drawer. Appellant tried to "get to" Posey and chased her around the kitchen table. As James Jones approached appellant while talking to him, appellant swung the knife, slashing James Jones' neck. Appellant then said, "Look what you made me do." James Jones went to the bathroom to examine his wound, and while he was there, appellant slashed Posey's neck. The police recovered a bloody knife at the scene.

During the guilt phase of his trial, appellant testified that he picked up the knife to defend himself because Posey already had a knife. He further testified that he did not mean to cut anyone and that he accidentally cut James Jones as he turned "on a reflex."

During the penalty phase of his trial, appellant testified on direct examination that, "This is not something I meant to happen. I grabbed the knife only to protect myself . . . but I didn't grab the knife to cut James or anyone else."

On cross-examination, the prosecutor showed appellant a photograph depicting the wounds suffered by Posey. In the

-

course of the cross-examination, appellant admitted that the photograph depicted two wounds rather than one. The prosecutor then moved for the admission of the photograph, and counsel for appellant objected on the grounds that the photograph was irrelevant, inflammatory and prejudicial. The trial court overruled the objection and admitted the photograph into evidence as an exhibit.

ANALYSIS

I.  Admission of the Photograph in the Penalty Phase

The procedure for the conduct of the sentencing phase of a non-capital felony trial is contained in Code § 19.2-295.1, which provides that the defendant may introduce "relevant, admissible evidence related to punishment." In summary, this section prohibits the Commonwealth from offering into evidence more than certified copies of criminal convictions and permits the defendant to introduce any evidence relevant to the issue of punishment. In the event that the defendant offers evidence on the issue of punishment, the Commonwealth may offer "relevant, admissible evidence in rebuttal." Id.

We have repeatedly held that the admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion. See Brown v. Commonwealth, 21 Va. App. 552, 555, 466 S.E.2d 116, 117 (1996). "Evidence which 'tends to cast any light upon the subject of the inquiry' is relevant." Cash v.

-

Commonwealth, 5 Va. App. 506, 510, 364 S.E.2d 769, 771 (1988) (citation omitted).

When appellant offered evidence in mitigation through his testimony that he did not intend to cut "James or anyone else," he put his intent or lack thereof in issue as it might bear on the determination of an appropriate sentence for his crime. The photograph then became relevant evidence to rebut this evidence by depicting both the number of wounds and their severity. We also note that the Commonwealth on cross-examination had the following colloquy with appellant:

> [COMMONWEALTH]:  Sir, you made a statement that you didn't grab the knife to cut James or anyone else, isn't that what you just said?
>
> [APPELLANT]:  Yes.
>
> [COMMONWEALTH]:  But on that day, April 5th, you not only cut James Jones you cut Erin Posey; isn't that right?
>
> [APPELLANT]:  Yes.
>
> [COMMONWEALTH]:  You put a seven inch gash from that knife on her neck; isn't that right?
>
> [APPELLANT]:  Yes.
>
> [COMMONWEALTH]:  And you almost severed part of her ear; isn't that correct?
>
> [APPELLANT]:  I don't know about that, but I believe so.

Appellant's counsel did not object to this line of questioning. Photographs are generally held to be admissible to illustrate the testimony of a witness. See Saunders v.

-

Commonwealth, 1 Va. App. 396, 398, 339 S.E.2d 550, 552 (1986). We hold, therefore, that the trial court did not abuse its discretion in admitting the photograph into evidence.

## II.  Sufficiency of the Evidence

When the sufficiency of the evidence to convict is challenged, "we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997).

The jury believed the testimony of the Commonwealth's witnesses and necessarily rejected appellant's contention that the injury to James Jones was the result of an accident.  "The credibility of witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented."  Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The testimony of the Commonwealth's witnesses was competent and not inherently incredible.  From their testimony, the jury could infer beyond a reasonable doubt, that appellant intended to maim, disfigure, disable or kill James Jones when he slashed James Jones' neck with a knife.

Therefore, we find that the evidence was sufficient as a matter of law to support a conviction for unlawful wounding.

Affirmed.

-