COURT OF APPEALS OF VIRGINIA

Present: Judges Annunziata, Bumgardner and Frank
Argued at Chesapeake, Virginia


JOHN ANTHONY HOLMES

OPINION BY

v.       Record No. 2799-02-1       JUDGE RUDOLPH BUMGARDNER, III
                                      NOVEMBER 25, 2003

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Von L. Piersall, Jr., Judge

S. Jane Chittom, Appellate Defender (Public Defender Commission,
on briefs), for appellant.

Jennifer R. Franklin, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


The trial court convicted John Anthony Holmes of felony domestic assault, Code

§ 18.2-57.2.[1] He contends the evidence fails to prove he was the same person named in the

conviction orders used to prove his prior convictions. Finding no error, we affirm.

In ruling on the sufficiency of the evidence, "the relevant question is whether, after

viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact

could have found the essential elements of the crime beyond a reasonable doubt." Jackson v.

Virginia, 443 U.S. 307, 319 (1979). The trier of fact resolves conflicts in the evidence, weighs

the evidence, and draws "reasonable inferences from basic facts to ultimate facts." Id. The trial

court has broad discretion over the admission of evidence.

---

[1] "On a third or subsequent conviction for assault and battery against a family or household member . . . such person shall be guilty of a Class 6 felony." Code § 18.2-57.2.

Officer Brian Davis responded to a domestic disturbance call in Portsmouth and spoke with the victim, the defendant's wife. He then "secured felony warrants for third offense domestic assault and battery." At trial, the victim identified the defendant as "John Anthony Holmes." The Commonwealth introduced certified copies of two domestic assault conviction orders entered by the Circuit Court of the City of Suffolk. The orders reflected that "John Anthony Holmes" had committed the offenses. The orders also contained the same date of birth and social security number.

The trial court overruled the defendant's motion to strike at the conclusion of the Commonwealth's evidence. It stated, "the similarity in names is sufficient at this point." The defendant offered no evidence that he was not the person named in the conviction orders.

The trial court's ruling shows that it relied on the similarity of the names to establish *prima facie* proof that the defendant was the person convicted in Suffolk. "Identity of names carries with it a presumption of identity of person, the strength of which will vary according to the circumstances." Cook v. Commonwealth, 7 Va. App. 225, 230, 372 S.E.2d 780, 783 (1988) (citing Blair v. Rorer's Administrator, 135 Va. 1, 25, 116 S.E. 767, 776, cert. denied, 262 U.S. 734 (1923)). The identity of names presumption is a presumption in the sense that it is a permissible inference. The fact finder is not required to draw the inference. Whether to draw the inference, and if drawn, the strength to accord it will vary according to the particular circumstances of the case. The Commonwealth's evidence established a *prima facie* case, which merely indicated some evidence created a question of fact. See Charles E. Friend, The Law of Evidence in Virginia § 10.4, at 359-60 (6th ed. 2003).

In this case, the circumstances add to the strength of the inference. The name itself, John Anthony Holmes, is not obviously common. The offenses were all domestic assaults, occurred in adjacent jurisdictions, and were committed by adult males of like age. The officer

immediately charged the defendant with a third domestic offense, presumably based on the information provided at the scene by the victim, who was the defendant's wife.

The issue was a "mere question of identification." King v. Lynn, 90 Va. 345, 347, 18 S.E. 439, 440 (1893) (under recidivist statute this is a question for the jury when defendant is silent or is mute as to whether or not he is person named in conviction orders). The evidence raised a permissible inference, which the fact finder could accept or reject; it was not a rebuttable presumption, which the defendant was required to refute. The defendant declined to introduce evidence to the contrary. While the trial court was not required to find the Commonwealth carried its burden of proof, the evidence permitted it to do so.

In Crawley v. Commonwealth, 29 Va. App. 372, 512 S.E.2d 169 (1999), the Commonwealth attempted to prove the defendant was the burglar by matching a fingerprint card, bearing his name and vital statistics, with fingerprints taken at the crime scene. The vital statistics on the card matched the defendant's characteristics, but his personal data, including a social security number and date of birth, were not admitted at trial. This Court reversed his conviction because no evidence proved the defendant's name or birth date. In this case, the Commonwealth proved the name and identity of the defendant.

Given these circumstances, a reasonable trier of fact could have concluded the defendant was the person named in the conviction orders. Accordingly, we affirm the conviction.

Affirmed.