COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Frank and Powell
Argued at Chesapeake, Virginia


ARTHUR MARTINEZ WOODSON

                                              MEMORANDUM OPINION[*] BY
v.        Record No. 1108-08-1        CHIEF JUDGE WALTER S. FELTON, JR.
                                                  OCTOBER 6, 2009
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                            Dean W. Sword, Jr., Judge

              William Roots, Jr. (Law Office of William Roots, Jr., on brief), for
              appellant.

              John W. Blanton, Assistant Attorney General (William C. Mims,
              Attorney General, on brief), for appellee.


       Following a bench trial, Arthur Martinez Woodson ("appellant") was convicted of

possession of cocaine with intent to distribute, third offense, in violation of Code § 18.2-248.[1]

On appeal, he contends the trial court erred in denying his motion to suppress evidence seized

during what he asserts was a warrantless visual body cavity search.  He also contends the trial

court erred in finding the evidence sufficient to prove he possessed cocaine with intent to

distribute and that he had previously been convicted on two prior occasions of possession of

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

       [1] Appellant was charged in a single, three-count indictment with (1) distribution of a
controlled substance within 1,000 feet of a school bus stop in violation of Code § 18.2-255.2,
(2) possession of cocaine with intent to distribute in violation of Code § 18.2-248, and
(3) possession of cocaine with intent to distribute, third offense, in violation of Code
§ 18.2-248(C).  The trial court dismissed the first count of the indictment on appellant's motion
to strike, and *nolle prosequied* the second count.

controlled substances with intent to distribute.  For the following reasons, we affirm the

judgment of the trial court.

## I.  BACKGROUND

On appeal, "[w]here the issue is whether the evidence is sufficient, we view the evidence

in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly

deducible therefrom."  Sandoval v. Commonwealth, 20 Va. App. 133, 135, 455 S.E.2d 730, 731

(1995).  So viewed, the evidence proved that Portsmouth Police Officer Knorowski was engaged

in a narcotics surveillance operation on November 2, 2006.  Around 7:46 a.m., Knorowski, from

a concealed location and using binoculars, saw a woman approach appellant who was sitting on

the front porch of a residence.  After the woman handed appellant money, appellant stood up and

gave an object to her.  From his vantage point, Knorowski could not determine the nature of the

object appellant handed to the woman.  A few minutes later, Knorowski observed another

woman approach appellant.  Appellant handed her a cigarette, and she departed.  He then left the

porch and walked to a nearby intersection.  There, around 8:20 a.m., Officer Knorowski

observed a third woman approach appellant.

> [S]he had U.S. currency in her hands, and she appeared to be
> counting it. . . . [Appellant] took the U.S. currency from [her] . . .
> and put it in [his] right pants pocket. . . . At that point [appellant]
> opened his left hand, where [Officer Knorowski] observed a plastic
> baggy containing several rocks of suspected crack cocaine
> individually wrapped.  [Appellant] then gave one rock of suspected
> crack cocaine to [the woman].

Following this transaction, appellant "lowered his pants and stuck the plastic bag containing the

suspected crack cocaine in between his buttocks."  Officer Knorowski continued to observe

appellant until Officer Huneycutt arrested him moments later.[2]

---

[2] The record reflects that officers also stopped the woman with whom appellant made the suspected drug transaction, and thereafter released her.  However, it is silent as to whether police recovered any controlled substances from her.

Following his arrest, appellant was taken to a small private room at the police station. Consistent with standard procedure, Officers Huneycutt and Martin obtained written permission from a police supervisor to conduct a strip search of appellant. Pursuant to the two officers' instructions, appellant removed his outer clothing. The officers searched items of clothing as appellant removed them. When appellant was clothed only in his boxer shorts, Officer Huneycutt instructed him to lower those shorts from his waist by approximately "three inches." After appellant complied, Huneycutt saw "the top of a piece of plastic" at "the top of his buttocks," approximately "an inch, inch and-a-half down from . . . where your back ends and your rear end starts." At the officer's request, appellant removed the plastic bag from his buttocks area. Neither appellant nor the officers in the room removed appellant's boxer shorts during the search, and at no time were his anus or genitals exposed.

The plastic bag recovered from appellant contained .38 gram of cocaine in the form of "solid material" inside of a "plastic bag corner." The officers recovered $223 in cash from appellant's pants pockets. The trial court admitted two prior conviction orders, one reflecting that appellant had been previously convicted of possession of heroin with intent to distribute in the City of Portsmouth in 2001, and another showing he had been convicted in 1996 of distributing cocaine in the same city.

## II. ANALYSIS

### A. Motion to Suppress

Appellant contends the trial court erred in denying his motion to suppress the cocaine seized from him during the search following his arrest, asserting that police unlawfully subjected

him to a warrantless visual body cavity search.[3] We conclude the trial court did not err in denying appellant's motion to suppress.

Appellant's contention that the cocaine was seized from him in violation of the Fourth Amendment

> presents a mixed question of fact and law that an appellate court reviews de novo. In evaluating the claim, the appellate court must give deference to the factual findings of the trial court and independently determine whether the manner in which the evidence was obtained meets the requirements of the Fourth Amendment.
>
> While "the Commonwealth has the burden of proving the legitimacy of a warrantless search and seizure," [appellant] must show that the trial court's denial of his suppression motion, when the evidence is considered in the light most favorable to the prosecution, was reversible error.

Whitfield v. Commonwealth, 265 Va. 358, 361, 576 S.E.2d 463, 464 (2003) (quoting Simmons v. Commonwealth, 238 Va. 200, 204, 380 S.E.2d 656, 659 (1989)) (citations omitted).

"An established exception to the warrant requirement of the Fourth Amendment exists for a search incident to a lawful arrest. However, when law enforcement officers perform a 'full search' of an arrestee without a warrant, their authority is 'only skin deep.'" King v. Commonwealth, 49 Va. App. 717, 723, 644 S.E.2d 391, 394 (2007) (quoting Commonwealth v. Gilmore, 27 Va. App. 320, 328, 498 S.E.2d 464, 468 (1998)) (citation omitted).

> A search of the person may range from a Terry-type pat-down to a generalized search of the person to the more intrusive strip search or body cavity search. "A strip search generally refers to an inspection of a naked individual, without any scrutiny of his body cavities. A visual body cavity search extends to a visual inspection of the anal and genital areas."

---

[3] Appellant does not argue that the officers lacked probable cause to arrest him or to search him incident to his arrest.

Hughes v. Commonwealth, 31 Va. App. 447, 455, 524 S.E.2d 155, 159 (2000) (en banc)

(quoting Commonwealth v. Thomas, 708 N.E.2d 669, 672 n.4 (Mass. 1999)).

Here, during the search incident to his arrest, appellant removed his outer clothes,

remaining clothed only in his boxer shorts. When the contraband was discovered, only the upper

portion of his buttocks was visible to the officers. From the record on appeal, we conclude that

the trial court did not err in finding that the officers did not conduct a visual body cavity search

of appellant. Accordingly, we hold that the trial court did not err in denying appellant's motion to

suppress the evidence seized from him.

## B. Sufficiency

Where the appellant challenges the sufficiency of the evidence to convict him of the

charged offense, we must "examine the evidence that tends to support the conviction[] and to

permit the conviction[] to stand unless [it is] plainly wrong or without evidentiary support."

Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998) (citing Code

§ 8.01-680). "The credibility of the witnesses and the weight accorded the evidence are matters

solely for the fact finder who has the opportunity to see and hear that evidence as it is presented."

Sandoval, 20 Va. App. at 138, 455 S.E.2d at 732.

## 1. Intent to Distribute

Appellant concedes the evidence, if lawfully seized, was sufficient to prove he possessed

cocaine, but contends the evidence failed to prove he intended to distribute that cocaine.

"In determining whether a defendant is guilty of possession with the intent to distribute,

the trier of fact is entitled to weigh all the circumstances in a given case." Stanley v.

Commonwealth, 12 Va. App. 867, 869, 407 S.E.2d 13, 14 (1991) (en banc). "While possession

of a small quantity of a controlled substance creates an inference that the drug is held for

personal use, when considered in conjunction with other circumstances, the small quantity

possessed may support a finding of an intent to distribute." Early v. Commonwealth, 10 Va. App. 219, 222, 391 S.E.2d 340, 341 (1990) (citation omitted). Other such circumstances include the "method of packaging of the controlled substance," the "presence of an unusual amount of money, suggesting profit from sales," Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988), and the "person's conduct," Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 476 (1989). Further, the trier of fact "might well have inferred that the quantity seized was what remained from a larger supply held for distribution." Colbert v. Commonwealth, 219 Va. 1, 4, 244 S.E.2d 748, 749 (1978).

Here, Officer Knorowski, who had witnessed several hundred drug transactions, observed appellant take an individually wrapped rock of suspected cocaine out of a bag and receive money in exchange for that item. Officers later recovered that same bag, containing individually packaged cocaine, from appellant's person. We conclude the trial court did not err in finding that evidence sufficient to prove appellant possessed cocaine with intent to distribute it. See Stamper v. Commonwealth, 220 Va. 260, 273, 257 S.E.2d 808, 818 (1979) ("While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" (quoting Karnes v. Commonwealth, 125 Va. 758, 764, 99 S.E. 562, 564 (1919))).

## 2. Prior Convictions

Appellant also contends the trial court erred in finding the evidence sufficient to prove that he had previously been convicted of distribution of controlled substances on two prior occasions, thereby triggering the enhanced punishment provisions of Code § 18.2-248(C).[4]

---

[4] "When a person is convicted of a third or subsequent offense under this subsection . . . , he shall be sentenced to imprisonment for life or for a period of not less than five years . . . and he shall be fined not more than $500,000." Code § 18.2-248(C).

The trial court admitted two prior conviction orders offered to prove appellant's prior controlled substance convictions, both from the City of Portsmouth, one from 1996 and one from 2001. Appellant argues that those prior orders failed to establish that he was the same "Arthur Woodson" identified in those orders, contending that the birth dates shown on those conviction orders did not match his date of birth, and that the 1996 order did not show the social security number of the person convicted.

Where the issue is "a 'mere question of identification'" under a recidivist statute, "[it] is a question for the [trier of fact] . . . as to whether . . . [the accused] is [the] person named in [the] conviction orders." Holmes v. Commonwealth, 41 Va. App. 690, 693, 589 S.E.2d 11, 12 (2003) (quoting King v. Lynn, 90 Va. 345, 347, 18 S.E. 439, 440 (1893)).

Officer Huneycutt testified that at the time of his arrest appellant told him his name was Arthur Martinez Woodson. Appellant also told the officer that his date of birth was "10/16/76" and that his social security number was "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." The indictment for the offense on appeal reflects the name "Arthur M. Woodson." During his pretrial colloquy, appellant testified under oath that his date of birth was "10/16/76."

The 2001 conviction order reflects that the person convicted by the Circuit Court of the City of Portsmouth for possession of heroin with the intent to distribute was "Arthur M. Woodson," born "10-16-76," and whose social security number was "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," the same name, date of birth, and social security number given to police by appellant at the time of his arrest. We conclude that the trial court did not err in finding that the 2001 conviction order established that appellant was the same person who had been previously convicted of possession of heroin with intent to distribute.

The January 18, 1996 conviction order reflects that "Arthur Woodson," born "January 16, 1976," was convicted by the Circuit Court of the City of Portsmouth for "selling cocaine."[5]

We have previously held that "'[i]dentity of names carries with it a [permissible inference] of identity of person, the strength of which will vary according to the circumstances.'" Holmes, 41 Va. App. at 692, 589 S.E.2d at 12 (quoting Cook v. Commonwealth, 7 Va. App. 225, 230, 372 S.E.2d 780, 783 (1988)). In addition to the same name as that of appellant, the January 18, 1996 conviction order shows the person convicted had the same day of birth and year of birth as appellant gave to Officer Huneycutt at the time of his arrest, and which he gave to the trial court at the beginning of his trial. While the birth month of the person convicted in the 1996 order was January (written numerically as "01"), which differs from that of appellant, October (written numerically as "10"), the day and year of birth shown on that order are identical to appellant's stated day and year of birth. The trial court could reasonably infer from the evidence presented that appellant was the subject of the 1996 conviction order. See id. at 693, 589 S.E.2d at 12 (similar "offenses . . . occurred in adjacent jurisdictions, and were committed by adult males of like age" "add to the strength of the inference").

From this evidence, the trial court made a specific factual finding that appellant was the same "Arthur Woodson" named in the 1996 conviction order. A trial court's factual findings cannot be disturbed on appeal unless no "'rational trier of fact'" could have come to the conclusions it did. Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (en banc) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

We conclude from the record on appeal that the trial court did not err in finding the evidence presented at trial established that appellant had twice previously been convicted of

---

[5] The 1996 order does not contain a social security number for the person who is the subject of that order.

distributing controlled substances. Accordingly, the trial court did not err in imposing the enhanced punishment for a third conviction of possession with intent to distribute a controlled substance as required by Code § 18.2-248(C).

## III. CONCLUSION

For the foregoing reasons, we affirm appellant's conviction of possession of cocaine with intent to distribute, third offense, in violation of Code § 18.2-248.

<u>Affirmed.</u>