COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Chafin and O'Brien
Argued at Norfolk, Virginia


ANTONIO HALL, A/K/A
  ANTONIO BARROW

                                                        OPINION BY
v.      Record No. 2141-14-1              JUDGE RANDOLPH A. BEALES
                                                      NOVEMBER 10, 2015

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Kenneth R. Melvin, Judge

Gregory K. Matthews for appellant.

Leah A. Darron, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Antonio Hall, a/k/a Antonio Barrow (appellant) appeals the judgment of the Circuit Court

of the City of Portsmouth finding him guilty of one count of petit larceny, third or subsequent

offense, in violation of Code §§ 18.2-96 and 18.2-104.  Appellant contends the trial court erred

in admitting a photograph into evidence as substantive proof of larceny where the

Commonwealth had not fully complied with Code § 19.2-270.1.  In addition, appellant argues

the trial court erred in admitting into evidence certain prior conviction orders that were not

sufficient on their face to show that appellant was the subject of the prior convictions.  For the

following reasons, we affirm the trial court.

I. BACKGROUND

On May 16, 2013, Gregory Provo was employed as a loss prevention officer at the

Frederick Boulevard Wal-Mart in the City of Portsmouth.  On that date, Mr. Provo personally

observed appellant enter the store, remove earphones and a package of padlocks from the store

shelves, and place them in a black bag. Mr. Provo also observed appellant proceed past all points of sale and exit the store without paying for the items. Appellant was quickly apprehended in the parking lot of the store and was taken to the store's office. Mr. Provo produced a photograph at trial that he had taken of the padlocks and the earphones and testified that the photograph accurately depicted the items appellant had taken from Wal-Mart. When the Commonwealth moved to introduce the photograph of the stolen items, appellant's trial counsel objected pursuant to Code § 19.2-270.1, which requires the photograph to bear sworn writing as outlined in the statute prior to being admitted as competent and admissible evidence of such goods. The trial court initially sustained appellant's objection to the admissibility of the photograph pursuant to Code § 19.2-270.1.

Portsmouth Police Officer L.S. McDonald, Jr. responded to the Wal-Mart to investigate a reported larceny on May 16, 2013. Officer McDonald testified that the padlocks and earphones were returned to Wal-Mart after the photographs had been taken by representatives of Wal-Mart. Officer McDonald acknowledged that he did not have a copy of any photographs of the padlocks and earphones, but he believed the photographs were taken by and were in the possession of Rodney Vincent, a representative of Wal-Mart.

Officer McDonald also testified that he obtained what he believed to be two prior larceny conviction orders based on identifying information he obtained from appellant. The prior conviction orders were for an individual named Antonio Barrow. The first conviction order reflected a June 23, 1998 conviction in Albemarle County for felony concealment, third or subsequent offense. The second conviction order reflected a September 21, 2000 conviction in the City of Chesapeake for grand larceny. Appellant objected to the admission of these orders into evidence because the name on the orders was Antonio Barrow, not Antonio Hall. Appellant conceded that both of those previous conviction orders accurately depicted appellant's date of

birth of September 24, 1968. The Albemarle conviction order listed appellant's social security number as xxx-xx-3904, while the Chesapeake conviction order, as well as the trial court's records here, listed a social security number of xxx-xx-9304.[1] The trial court overruled appellant's objection, finding that the numbers were "inverted" or "transposed" by mistake. The trial court also noted that the Commonwealth had amended the indictment to charge Antonio Hall, a/k/a Antonio Barrow in February of 2014 – approximately six months before the trial.

Mr. Provo was recalled to the witness stand and reiterated that he took the photograph of the stolen items on May 16, 2013. While under oath, Mr. Provo, a licensed conservator of the peace, testified to and wrote on the back of the photograph that the owner of the goods was Wal-Mart Stores. He identified the stolen merchandise as a package of padlocks and a pair of headphones, having personally observed appellant place each item in a black bag. He also stated that the location of the offense was 1098 Frederick Boulevard and that the arresting officer was Officer McDonald. Mr. Provo identified himself as the photographer, signed the photograph, and provided his date of birth. Appellant's trial counsel renewed his objection to the admissibility of the photograph on two grounds. First, appellant argued that the statute forbids Mr. Provo from being the agent of Wal-Mart and the investigating officer to whom the photograph was released. Second, appellant argued that the prosecution failed to prove who took the photograph. The trial court overruled the objections and admitted the photograph into evidence as substantive evidence of the crime of larceny pursuant to Code § 19.2-270.1. The trial court then later found appellant guilty as charged.[2]

---

[1] All the digits of the two social security numbers were exactly the same, except the "3" and the "9" were inverted.

[2] At oral argument before this Court, counsel for appellant conceded that the photograph in question was not evidence that was absolutely necessary for the conviction.

- 3 -

## II. ADMISSION OF PHOTOGRAPH IN COMPLIANCE WITH § 19.2-270.1

### A. Standard of Review

Appellant argues the trial court erred in admitting a photograph into evidence as substantive proof in a larceny case where the Commonwealth failed to comply with Code § 19.2-270.1. "Generally, the admissibility of evidence is within the discretion of the trial court," and this Court will not reject the trial court's decision absent an abuse of discretion. Dalton v. Commonwealth, 64 Va. App. 512, 521, 769 S.E.2d 698, 703 (2015) (citation omitted). However, to the extent that appellant's first assignment of error presents a question of statutory interpretation, "'[w]e review the trial court's statutory interpretations and legal conclusions *de novo*.'" Craig v. Craig, 59 Va. App. 527, 539, 721 S.E.2d 24, 29 (2012) (quoting Navas v. Navas, 43 Va. App. 484, 487, 599 S.E.2d 479, 480 (2004)). We consider the evidence on appeal "'in the light most favorable to the Commonwealth, as we must since it was the prevailing party'" in the trial court. Beasley v. Commonwealth, 60 Va. App. 381, 391, 728 S.E.2d 499, 504 (2012) (quoting Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004)).

### B. Analysis

Code § 19.2-270.1 provides in relevant part as follows:

> Such photographs shall bear a written description of the goods, merchandise, money or securities alleged to have been taken or converted, the name of the owner of such goods, merchandise, money or securities and the manner of the identification of same by such owner, or the name of the place wherein the alleged offense occurred, the name of the accused, the name of the arresting or investigating police officer or conservator of the peace, the date of the photograph and the name of the photographer. Such writing shall be made under oath by the arresting or investigating police officer or conservator of the peace, and the photographs identified by the signature of the photographer. Upon the filing of such photograph and writing with the police authority or court holding such goods and merchandise as evidence, such goods or merchandise shall be returned to their owner, or the proprietor or

> manager of the store or establishment wherein the alleged offense occurred.

In Saunders v. Commonwealth, 1 Va. App. 396, 339 S.E.2d 550 (1986), this Court was presented with the issue of whether photographs of recovered, stolen property may be admitted into evidence in a larceny prosecution if the Commonwealth fails to comply with Code § 19.2-270.1. Ultimately, this Court held the trial court did not err in admitting the photographs because those photographs were "admissible under the general rules governing admissibility of photographs." Id. at 399, 339 S.E.2d at 552.[3]

First, appellant argues that allowing the Commonwealth to authenticate the photograph while Mr. Provo was on the witness stand was error because the photograph was not filed with the police authority or the court holding such goods as evidence prior to trial. To address his argument, this Court must determine whether Code § 19.2-270.1 requires the filing of such photograph and writing with the police authority or court holding such goods and merchandise as evidence as *a requirement for admissibility*. The statute states, in relevant part, "Upon the filing of such photograph and writing with the police authority or court holding such goods and merchandise as evidence, such goods or merchandise shall be returned to their owner, or the proprietor or manager of the store or establishment wherein the alleged offense occurred." Code § 19.2-270.1. Appellant argues that the adherence to this procedure is necessary to give defense counsel the opportunity to inspect the picture prior to trial. We disagree and find that the completion of the writing prior to trial is not a requirement for the admissibility of the photograph pursuant to Code § 19.2-270.1.

---

[3] This Court's decision in Saunders makes clear that Code § 19.2-270.1 is not the exclusive method to admit this photograph into evidence. The photograph in this case could also have been admitted, for example, under Rule of Evidence 2:901 by the testimony of a witness like Mr. Provo, who took the photograph.

"When considering the meaning and effect of a statute, this Court follows the long-held standard that the clear meanings of words are controlling." Alston v. Commonwealth, 49 Va. App. 115, 124, 637 S.E.2d 344, 348 (2006). We determine the legislature's intention from the plain language of the statute, "'unless a literal construction would involve a manifest absurdity.'" Id. (quoting Watkins v. Hall, 161 Va. 924, 930, 172 S.E. 445, 447 (1934)). In this instance, the statute states the writings on the photograph "shall be made *under oath* by the arresting or investigating police officer or conservator of the peace." Code § 19.2-270.1 (emphasis added). We find this statutory language clearly contemplates that these writings may be made at trial while the qualifying witness testifies under oath.[4] Id. Because the statutory language requires the writing on the photograph to be made *under oath*, we hold that the trial court did not err as a matter of law by allowing Mr. Provo, who is a licensed conservator of the peace, to authenticate the photograph while on the witness stand.

Appellant also argues that adherence to this rule necessarily confers a discovery right of notice of the contents of the writing. The relevant provision states, "Upon the filing of such photograph and writing with the police authority or court holding such goods and merchandise as evidence, such goods or merchandise shall be returned to their owner, or the proprietor or manager of the store or establishment wherein the alleged offense occurred." Id. We conclude from the plain language of this provision that the statute only requires the return of the goods. It does not, however, require that the goods be kept by the police authority or court unless and until

---

[4] Counsel for appellant cited no case law or authority (either in his brief or at oral argument) in support of his claim that the Commonwealth could not authenticate the photograph while Mr. Provo testified at trial.

the photograph has been properly admitted at trial.[5] Therefore, the trial court did not err in allowing the prosecution to authenticate the photograph pursuant to Code § 19.2-270.1 during the trial.

Finally, appellant argues that the prosecution did not comply with the signature requirement of Code § 19.2-270.1 because the Commonwealth presented conflicting evidence as to who took the photograph of the stolen items. At trial, Mr. Provo testified that he took the photograph of the stolen goods, while Officer McDonald testified that he believed Rodney Vincent, a different representative of Wal-Mart, had taken the photograph. Appellant concludes from this disparate testimony that it was "impossible for the prosecution to state the name of the photographer as required by Code 19.2-270.1." We disagree.

An appellate court must "regard as true" all credible evidence favorable to the prosecution, as the party that prevailed at trial. Wright v. Commonwealth, 196 Va. 132, 137, 82 S.E.2d 603, 606 (1954). "[W]hen 'faced with a record of historical facts that supports conflicting inferences,' . . . [the appellate court] 'must presume -- even if it does not affirmatively appear in the record -- that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" Harper v. Commonwealth, 49 Va. App. 517, 523, 642 S.E.2d 779, 782 (2007) (quoting Jackson v. Virginia, 443 U.S. 307, 326 (1979)). Applying those principles to the facts of this case, we must conclude that the trial court resolved the inconsistent testimony regarding who took the photograph in the Commonwealth's favor when the trial court admitted the photograph into evidence during Mr. Provo's testimony. Because the trial court implicitly resolved the inconsistent testimony in Mr. Provo's favor, and

---

[5] In addition, as stated above, the statutory language clearly requires the writing on the photograph to be made "under oath." The "under oath" requirement signals to this Court the intention of the legislature that the statute requires the author of the photograph to attest to the veracity of the contents of the writing.

the trial court's finding was not plainly wrong or without evidence in support, we must defer to that finding of fact. Therefore, the trial court did not err when it concluded that the Commonwealth complied with the signature requirement of Code § 19.2-270.1.

### III. ADMISSION OF PRIOR CONVICTION ORDERS

#### A. Standard of Review

Next, appellant argues the trial erred in admitting into evidence certain prior conviction orders that were not sufficient on their face to show that appellant was the subject of these prior convictions. "'Generally, the admissibility of evidence is within the discretion of the trial court,'" as noted *supra*, and this Court will not reject the trial court's decision absent an abuse of discretion. Dalton, 64 Va. App. at 521, 769 S.E.2d at 703 (quoting Midkiff v. Commonwealth, 280 Va. 216, 219, 694 S.E.2d 576, 578 (2010)). A "trial judge's ruling will not be reversed simply because an appellate court disagrees." Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005). Instead, a reviewing court can only conclude that an abuse of discretion has occurred in cases where "reasonable jurists could not differ" about the correct result. Id.

#### B. Analysis

We find that the trial court did not abuse its discretion in admitting into evidence the two prior conviction orders of appellant. "'Identity of names carries with it a presumption of identity of person, the strength of which will vary according to the circumstances.'" Holmes v. Commonwealth, 41 Va. App. 690, 692, 589 S.E.2d 11, 12 (2003) (quoting Cook v. Commonwealth, 7 Va. App. 225, 230, 372 S.E.2d 780, 783 (1988) (citation omitted)). At the start of the trial, when the trial court asked the appellant if he was the same person who was charged in the indictment, "Antonio Hall a/k/a Antonio Barrow," appellant responded "yes." During the trial, the Commonwealth submitted conviction orders bearing the name of Antonio

Barrow. Appellant's date of birth of September 24, 1968 was also so listed as his date of birth on each of the prior conviction orders. Other than two inverted digits on his social security number in the prior conviction order from Albemarle County, which the trial court found to have been made or transcribed in error, each of his conviction orders also showed the same social security number.

In addition, the testimony of Officer McDonald supports the trial court's admission of the prior conviction orders into evidence. Officer McDonald testified that he obtained identifying information from appellant when they came into contact at Wal-Mart. Officer McDonald used that information, including appellant's date of birth, to obtain appellant's criminal history and the prior conviction orders at issue in this appeal. In summary, the trial court found that the subject of each prior conviction order bore the same name as appellant, as named in the amended indictment, had the same date of birth as appellant, and the same social security number as appellant. Based on those factual findings, we conclude that the trial did not abuse its discretion by admitting the prior conviction orders into evidence. Consequently, we affirm the trial court's felony conviction of appellant for petit larceny, third or subsequent offense.

IV. CONCLUSION

In short, the trial court did not err as a matter of law by allowing Mr. Provo to authenticate the photograph while on the witness stand. In addition, the trial court did not err when it concluded that the Commonwealth complied with the signature requirement of Code § 19.2-270.1. Finally, the trial court did not abuse its discretion by admitting the prior conviction orders into evidence. Accordingly, for the foregoing reasons, we affirm the trial court.

Affirmed.