COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges O'Brien, Causey and Friedman
Argued by videoconference


RENEVE PLEASANTS

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0214-22-1               JUDGE MARY GRACE O'BRIEN
                                                         FEBRUARY 7, 2023
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                              Michael A. Gaten, Judge

            Charles E. Haden for appellant.

            Justin B. Hill, Assistant Attorney General (Jason S. Miyares,
            Attorney General, on brief), for appellee.


        Reneve Pleasants ("appellant") appeals a February 9, 2022 order convicting her of

misdemeanor destruction of property for intentionally damaging her neighbor's vehicle, in violation

of Code § 18.2-137.[1]  Appellant argues that the evidence was insufficient because the

Commonwealth's witnesses did not actually see her damage the vehicle and were not credible.  She

also contends that the Commonwealth failed to exclude her "reasonable hypothesis of innocence"

that the Commonwealth's witnesses fabricated their testimony.  For the following reasons, we

affirm.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] The court granted appellant's motion to reduce the original felony charge to a
misdemeanor because the Commonwealth did not prove that the repair costs would exceed
$1,000.  See Code § 18.2-137(B)(i) (classifying the offense as a misdemeanor "if the value of or
damage to the property . . . is less than $1,000").

BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires that we "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

Appellant and Phyllis Wachsmann were neighbors in September 2019 and had an acrimonious relationship. A shared driveway separated their houses, which were "rather close" to each other. Amanda Herring, appellant's friend, lived "in front of" Wachsmann's house.

On September 26, 2019, Wachsmann closed the door to her house after a visitor left. She testified that although she normally only closes her door when leaving the house, she did so in this instance because she suspected "something was going on." She could still hear sounds outside because her windows were open and her air-conditioning unit was not running. After a few minutes, Wachsmann heard appellant outside, calling out Herring's name. Herring responded that Wachsmann's door was closed and that her visitor had left. Wachsmann went into her bedroom and looked out a window that faced the shared driveway.

Wachsmann observed appellant walk from her front door to the passenger side of Wachsmann's vehicle. As appellant walked by the vehicle, Wachsmann saw appellant move her arm and heard a "scape." Appellant had "something barely protruding [from her hand]" but Wachsmann "could not quite tell what it was." Afterwards, appellant "turned around, laughed," and walked toward Herring's house. Later that day, Wachsmann and a police officer discovered that the vehicle's paint had been scratched near the rear passenger's window. The damage was not there before the incident.

Lisa Jack, Herring's next-door neighbor, also saw appellant near Wachsmann's vehicle on the day of the incident. Jack watched appellant walk "real close" to the passenger side of Wachsmann's vehicle, moving her arm and her body at the same time. Jack heard what she described as a "scraping or scratching" sound, but she "[couldn't] actually see the scratching" from her vantage point. Jack testified that she heard appellant and Herring "laughing" as appellant walked away from the vehicle and that appellant said, "I told you I was going to do it." Appellant also made a gesture that Jack understood to mean "I told you so."

Appellant called Herring as a witness. During direct examination, counsel mistakenly referred to the incident date as "December 26th of 2020." After being corrected by the Commonwealth's attorney, he then questioned Herring about "a date in 2019."

Herring claimed she and appellant were outside talking and laughing about the way Herring's husband had dressed their son and that appellant did not go near Wachsmann's vehicle. While they were talking, Herring noticed that Wachsmann's door was open and saw Wachsmann's visitor leave. Then, Herring and appellant parted and went inside their own houses.

George Bozarth, who identified himself as appellant's "significant other," also testified. He recalled that on a day "in July" he went to the door of the house they shared. He observed appellant and Herring talking in front of Herring's house and laughing at a picture of Herring's son. He asked appellant to come home for a meal and testified that she walked from Herring's yard directly to their house and had nothing in her hand.

Appellant testified that, on the day of the incident, she and Herring were talking and laughing about the clothing Herring's husband had put on their son. Bozarth told her that dinner was ready, and she went "straight" to her house. Appellant testified that Wachsmann was not home, her doors and windows were "closed," and, when appellant "walked by," she did not see

Wachsmann standing near a door or window. She denied damaging or going near Wachsmann's vehicle.

On cross-examination, appellant denied having any theft convictions. She maintained her denial after the Commonwealth confronted her with a shoplifting conviction, arguing that the Commonwealth was confusing her with her daughter. After confirming that her name and signature appeared on the record of conviction, appellant continued to assert that she had not been convicted because a witness "didn't show up."

After the close of the evidence, appellant renewed her motion to strike, arguing that the testimony of Wachsmann and Jack differed "to a significant extent," their accounts were not "believable," and her witnesses contradicted the Commonwealth's. The court denied the motion.

The court found the evidence proved that appellant damaged Wachsmann's vehicle. The court credited the Commonwealth's witnesses and noted that Wachsmann's credibility was bolstered by her candid admission that she did not know what appellant had in her hand. The court further found that appellant's witnesses may have been "confused" about when the incident occurred and therefore may not have testified about the events of the correct day. Finally, the court found that appellant lacked credibility. In reaching this conclusion, the court noted it was "pertinent" that the Commonwealth not only impeached her denial of being convicted of a crime of moral turpitude but also that she continued to deny it even when confronted with the record of her conviction.

The court convicted appellant of misdemeanor destruction of property, and this appeal followed.

ANALYSIS

Appellant argues the evidence was insufficient to prove that she damaged Wachsmann's vehicle because the Commonwealth's witnesses were unable to identify the object in her hand and

could not see the vehicle's passenger side from their respective vantage points.  Thus, she contends, the Commonwealth proved only that she was "in the vicinity of" Wachsmann's vehicle as she walked back to her house, not that she damaged it.  She also argues, as she did to the trial court, that Wachsmann's and Jack's accounts differed "to a significant extent" and are therefore not worthy of belief.  Finally, appellant argues that the Commonwealth failed to exclude "the reasonable hypothesis of innocence that Wachsmann and . . . Jack[] simply concocted the story" about her.

"Where the sufficiency of the evidence is challenged[,] . . . we review fact finding with the highest degree of appellate deference."  *Commonwealth v. Murgia*, 297 Va. 310, 321 (2019) (second alteration in original) (quoting *Dietz v. Commonwealth*, 294 Va. 123, 132 (2017)).  "[T]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it."  *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)).  "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'"  *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)).  "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)).  "Moreover, we accord the Commonwealth the benefit of all reasonable inferences fairly drawn from the evidence."  *Murgia*, 297 Va. at 321.

Here, Wachsmann and Jack testified that, after hearing Herring and appellant talking outside, they saw appellant walk from her house to the passenger side of Wachsmann's vehicle in the shared driveway.  Wachsmann testified that appellant was holding something that was "protruding" from her hand.  Both Wachsmann and Jack testified that appellant moved her arm while beside the vehicle, and both described hearing a "scraping" sound in conjunction with that

movement. Wachsmann testified that her vehicle was undamaged beforehand and that after the incident the paint was damaged in the area where appellant had been when Wachsmann heard the "scraping" sound. According "the Commonwealth the benefit of all reasonable inferences fairly drawn from the evidence" adduced at trial, we conclude that the evidence plainly supports a finding that appellant damaged the vehicle as she walked by. *Id.*

Appellant attempts to attack the credibility of the Commonwealth's witnesses by arguing that their accounts differed "to a significant extent"; yet, she points only to one difference in their testimony—that Jack heard appellant say, "I told you I was going to do it" and saw her make a gesture that Jack understood as indicating "I told you so," and Wachsmann did not. It is for the trier of fact, however, to "resolve[] conflicts in the evidence [and] weigh[] the evidence." *Holmes v. Commonwealth*, 41 Va. App. 690, 692 (2003). "[T]he conclusions of the fact finder on issues of witness credibility may be disturbed on appeal only when we find that the witness' testimony was 'inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" *Ragsdale v. Commonwealth*, 38 Va. App. 421, 429 (2002) (quoting *Ashby v. Commonwealth*, 33 Va. App. 540, 548 (2000)). Although Wachsmann and Jack did not testify identically as to all aspects of the incident, this minor inconsistency does not render their testimony inherently incredible. "A legal determination that a witness is inherently incredible is very different from the mere identification of inconsistencies in a witness' testimony or statements. Testimony may be contradictory or contain inconsistencies without rising to the level of being inherently incredible as a matter of law." *Kelley v. Commonwealth*, 69 Va. App. 617, 626 (2019). Appellant has not identified anything that makes the testimony of Wachsmann or Jack inherently incredible, but implicitly invites this Court to reweigh the evidence, which we may not do. *Harper v. Commonwealth*, 49 Va. App. 517, 521 (2007).

Finally, appellant has not cited anything in the record to support her hypothesis of innocence that the Commonwealth's witnesses fabricated their testimony, and the court was not plainly wrong in rejecting it.

When considering an appellant's hypothesis of innocence, "we must determine 'not whether there is some evidence to support' the appellant's hypothesis of innocence, but, rather, 'whether any reasonable [fact finder], upon consideration of all the evidence, could have rejected [the appellant's] theories in [her] defense and found [her] guilty . . . beyond a reasonable doubt.'" *Case v. Commonwealth*, 63 Va. App. 14, 23 (2014) (first and second alterations in original) (quoting *Emerson v. Commonwealth*, 43 Va. App. 263, 277 (2004)). "By finding [a] defendant guilty, . . . the factfinder 'has found by a process of elimination that the evidence does not contain a reasonable theory of innocence.'" *Ray v. Commonwealth*, 74 Va. App. 291, 308 (2022) (first alteration in original) (quoting *Edwards v. Commonwealth*, 68 Va. App. 284, 301 (2017)). "The rejection of a hypothesis of innocence 'is binding on appeal unless plainly wrong.'" *Ervin v. Commonwealth*, 57 Va. App. 495, 519 (2011) (en banc) (quoting *Archer v. Commonwealth*, 26 Va. App. 1, 13 (1997)).

The court properly considered the demeanor and testimony of the witnesses and found that Wachsmann and Jack were credible and that Herring and Bozarth may have testified about a different day than the day of the incident. Additionally, the court found that appellant's criminal record impeached her credibility and that her credibility was further diminished by her denial of the conviction even after being shown proof of it. The court was entitled to "disbelieve the self-serving testimony of the accused and to conclude that the accused [wa]s lying to conceal [her] guilt." *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011) (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998)). Moreover, a fact finder's credibility evaluations usually involve "choosing between competing accounts offered by different

witnesses." *Commonwealth v. McNeal*, 282 Va. 16, 22 (2011). "So long as a witness deposes as to facts [that], if true, are sufficient to maintain their verdict," and "[i]f the trier of the facts sees fit to base the verdict upon that testimony[,] there can be no relief in the appellate court." *Smith v. Commonwealth*, 56 Va. App. 711, 718-19 (2010) (quoting *Swanson v. Commonwealth*, 8 Va. App. 376, 379 (1989)).

CONCLUSION

For the foregoing reasons, the evidence was sufficient to sustain appellant's conviction, and the court's judgment is affirmed.

*Affirmed.*